CECIL GRICE v. THE STATE.

No. 13443.   Delivered June 18, 1930.
Reported in 29 S. W. (2d) 793.

The opinion states the case.

*Vickers & Campbell* of Lubbock and *Benson & Benson* of Bowie, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for theft of chickens; punishment, one year in the penitentiary.

In disposing of this case we deem it necessary to discuss but one question. The State was allowed, over objection, to introduce a written confession signed by appellant. Same began as follows: "I, Cecil Grice, after being warned by the grand jury, to whom this statement is made," etc. When the objection was made the jury was retired and the court heard testimony. It developed that the warning was in fact given to appellant by Hon. Durwood Bradley, district attorney, in the presence and hearing of the grand jury. The objection should have been sustained. The written confession should have recited that the warning was given by Mr. Bradley. The purpose of certain changes in the law governing the admission of written confessions, is well discussed by Judge Prendergast, in Henzen v. State, 62 Texas Crim. Rep. 336, where the proposition is emphasized as stated in Art. 727, C. C. P., to-wit: that a written confession shall show that the party making same was warned *by the person* to whom same was made. A grand jury is not a person, nor is any group of people such, in the sense the word "person" is used in Art. 727, supra,—but we can add nothing to the argument and reasons advanced by Judge Prendergast in the opinion in the case referred to. See also Jenkins v. State, 60 Texas Crim. Rep. 238; Young v. State, 54 Texas Crim. Rep. 417; Robertson v. State, 54 Texas Crim. Rep. 23; Boyman v. State, 59 Texas Crim. Rep. 26. True, appellant took the witness stand on his trial and admitted that he signed the statement; equally true that upon another trial the testimony of appellant can be reproduced against him, but he testified that he signed said statement upon certain conditions. What he said about signing same would not affect the rule under discussion. The statutory requirement in this regard was not observed, nor shown in the written confession.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*