John Torres **HERNANDEZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 40979.

Court of Criminal Appeals of Texas.

Feb. 28, 1968.

Rehearing Denied April 10, 1968.

Will Gray, Houston (on appeal), for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and I. D. McMaster, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is rape; the punishment, 13 years.

The evidence shows the rape of the 4 year old girl named in the indictment, on February 28, 1966, in the home of the 17 year old appellant where the little girl and other children had been left in the care of appellant's mother as baby sitter.

The grounds of error relate to the admission in evidence of appellant's statement in writing, signed within an hour after his arrest and some 35 minutes after he was taken before a magistrate.

At the trial on July 5, 1966, the statement made to Officer J. E. Montero on March 1, 1966 was admitted in evidence after an extended hearing on voluntariness in the jury's absence, the trial court "having found as a matter of law that the confession was voluntarily made by the defendant, the evidence having established beyond a reasonable doubt that the same was freely and voluntarily made," and having further found:

"1. That the defendant was arrested by Officer Montero of the Juvenile Department of the Houston Police Department and other officers at 10:55 p. m. on March the 1st, 1966, the officers having the warrant for his arrest. That, when the defendant asked to speak with his mother, the officers granted his request and the defendant held a conversation with his mother.

"2. That the defendant was taken immediately before Judge Azios on March the 1st, 1966 and at 11:20 p. m. on that date Judge Azios informed the defendant of the accusations made against him, that he had a right to obtain counsel, that he had a right to request and have counsel appointed to represent him if he was unable to retain counsel, that he had a right to have an examining trial, and that he could not be required to make

any statement and that if he did make a statement that the statement may be used against him.

"3. That after the defendant was warned by Judge Azios of his Constitutional Rights, that Officer Montero warned the defendant of his rights in conformity with the laws of this State, advising the defendant that he did not have to make the statement and that, if the statement was made, the same could be used in evidence against him on the trial of the case concerning which the statement was made. That Officer Montero asked the defendant after talking to him some five or six minutes, if he wished to make a statement in connection with the alleged rape; that the defendant appeared, in all respects lucid, alert and mentally competent and willingly agreed to make such a statement.

"4. That thereafter, the defendant gave the confession and signed it in the presence of witnesses after the same was reduced to writing and the defendant had been given an opportunity to and did agree to the same.

"5. That the defendant at no time requested counsel to advise him from the time of his arrest to the time the statement was completed at 11:55 p. m. on March the 1st, A.D. 1966.

"6. That the defendant never gave any indication of not wishing to proceed with making the confession.

"The Court therefore finds, based on the demeanor and the manner in which the witness testified from the above facts, that the statement marked State's Exhibit No. 1 was given by the defendant, John Torres Hernandez, freely and voluntarily without threats, improper influence, any promises, persuasion or complusion; that the defendant was alert, lucid and mentally competent at the time the confession was made; that these findings of fact are made by the Court as a result of the hearing held in the absence of

the jury and prior to any further proceedings before the jury in this cause."

The testimony of Officer J. E. Montero, to whom the confession was made, introduced at the hearing before the court fully sustains the trial court's findings.

The written statement offered and admitted as appellant's voluntary confession in writing (Arts. 38.21 and 38.22 of the 1965 Code of Criminal Procedure) sets out the following warnings:

"On the first day of March, 1966, at 11:20 o'clock P.M., I was taken before Judge A. D. Azios, a magistrate at his office in Corp. #3—Houston, Harris County, Texas, and that magistrate informed me of the accusations made against me, that I had a right to retain counsel, that I had a right to request and have counsel appointed to represent me if I was unable to retain counsel, that I had a right to have an examining trial, and that I cannot be required to make any statement and if I do make a statement, it may be used against me, and I have now been warned by Officer J. E. Montero, the person to whom I am making this statement, that I do not have to make any statement at all, and that any statement I make may be used in evidence against me on my trial for the offense concerning which the statement is made, and I am now waiving my right to counsel and do make the following voluntary statement:

"My name is John Torres Hernandez * * *"

■ The evidence before the trial court reflects that warnings were given as required by the Statutes of Texas in effect at the time and shows that any additional rights that may have been afforded appellant under Miranda v. State of Arizona, 384 U.S. 486, 86 S.Ct. 1602, 16 L.Ed.2d 724, decided after the confession was made, were waived.

■ The contention that the confession was inadmissible as a matter of law under the provision of Art. 15.17 Vernon's Ann. C.C.P. is predicated upon the magistrate's testimony before the jury wherein he testified that he did not tell appellant "that he had a right to have a lawyer appointed for him."

Officer Montero had testified before the court, and thereafter testified before the jury, that he heard the magistrate give appellant such warning and that he himself gave such warning. Two warnings are not required under the constitutional standards established in Miranda v. State of Arizona, supra, nor under the present Texas Statutes. (See Art. 38.22 C.C.P.1965, as amended by Acts of the 60th Leg.1967, p. 1740.)

The trial judge resolved the issue of fact against appellant whose rights under Art. 38.22 C.C.P. (1965) in effect at the time of the trial were further protected by instruction in the court's charge: "If you believe from the evidence or have a reasonable doubt that Judge A. D. Azios did not warn the defendant, 'if you are unable to employ a lawyer, you have the right to have a lawyer appointed to represent you,' you will not consider this statement for any purpose."

In the absence of any objection to the court's charge the question as to the form of the portion relating to appellant's written statement is not before us.

The contentions that the confession was obtained in violation of the Federal Constitutional Standards established in Miranda v. State of Arizona, supra, and without complying with the Texas Statutes are overruled.

The judgment is affirmed.