**William Glenn ANDERS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 40922.**

Court of Criminal Appeals of Texas.

Feb. 28, 1968.

Rehearing Denied April 24, 1968.

Jerry P. Childs, Odessa, for appellant.

Jack Tidwell, Dist. Atty., Bruce Bangert, Asst. Dist. Atty., Odessa, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

## OPINION

The appeal is from a conviction for burglary with punishment, enhanced under Art. 62 P.C., assessed at 12 years.

Appellant's first four grounds of error complain of the admission in evidence of his written statement made to Deputy Sheriff James Brown in which he confessed that he participated in the burglary.

A pre-trial hearing was had at which evidence was adduced on the issue of the voluntariness and admissibility of the confession following which the court made and filed his findings on the issues of fact and law and admitted the confession in evidence.

The grounds of error complain of the admission of the confession over appellant's objections (1) that Art. 15.17 Vernon's Ann.C.C.P. was not complied with; (2) that the magistrate's warning was not adequate or sufficient to apprise appellant of his rights under Art. 15.17 V.A.C.C.P. or under the principles of Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694; (3) that the confession, on its face, showed a failure to meet the requirements of Art. 38.22 V.A.C.C.P.; and (4) that compliance with Art. 38.22 V.A.C.C.P. did not meet the requirements of the principles set out in Miranda v. State of Arizona, supra.

The trial court found, by order reduced to writing, signed and filed, (1) that appellant made the statement voluntarily after having been apprised of his rights and properly warned; (2) "that in connection with the defendant having understood his rights with respect to counsel, that he did understand them and he effectively waived counsel," and (3) "that the warnings given by the magistrate E. E. Nobles, coupled with the warning given by Mr. Brown, effectively and adequately warned him of his right to counsel and as to other rights under the laws and Constitution."

The warning portion of the statement dated October 5, 1966, signed by appellant, reads:

"I, William Glenn Anders, have been first duly warned by a magistrate, Judge E. E. Nobles, who is the Justice of the Peace Prec. #3 Odessa, Ector County, Texas, and also by James F. Brown, the person to whom this statement is made, FIRST, that I do not have to make any statement at all, and SECOND, that any statement made by me may be used in evidence against me in the trial or trials of the offense or offenses concerning which this statement is made, and THIRD, that I have a right to hire and talk with a lawyer; and that if I am unable to hire a lawyer that I can ask to have a lawyer appointed, and that I have a right to have an examining trial. I have further been informed by said magistrate of the accusation against me and the affidavit, if any, filed in support of such accusation.

"Nobody has mistreated, threatened, or forced me in any way to make this statement, and nobody gave me anything or promised me anything to make this statement. I do not want to talk to a lawyer before making this statement and I wish to make the following statement of my own free will:

"My name is William Glenn Anders, * * *."

James Brown, Deputy Sheriff of Ector County, testified at the pre-trial hearing before the court and later before the jury to the effect that appellant was taken before Justice of the Peace Nobles to be warned of his rights, and to have bond set, within minutes after he arrived at the courthouse and jail in Odessa.

He further testified that immediately after warning had been given by the magistrate and bond had been set at $3,000, he took appellant to his office and gave him the warning shown on the confession, following which he interrogated him and obtained the confession which was reduced to writing and signed by appellant within 45 minutes to an hour after he was brought to the courthouse.

We quote from the testimony of Mr. Brown, to whom the confession was made:

"Q. All right. Deputy Brown, would you tell the court the nature of the warning that was given by Judge Nobles to the defendant, William Glenn Anders?

"A. Well, he was told that he didn't have to make a statement, or any statement that he did make could be used against him and he is entitled to a lawyer or have a lawyer appointed for him.

"Q. All right, sir. Now, Judge Nobles asked Mr. Anders if he wanted a lawyer, didn't he, at that time?

"A. Yes, sir.

"Q. What did Mr. Anders say to Judge Nobles in that regard?

"A. Told him that he didn't want a lawyer at that time.

\*     \*     \*     \*     \*     \*

"Q. And what did you do in the course of your conversation with him?

"A. I asked him if there was anyone that he wanted to call, his attorney or anyone else that he wanted to call.

"Q. All right, sir. Now, at that time did you or did you not yourself administer a warning to Mr. Anders concerning his rights in regards to giving a statement?

"A. Yes, sir.

"Q. What did you tell him concerning this warning?

"A. Told him that he didn't have to make any statement, any statement that he did make could be used against him, he was entitled to have his attorney present at the time that he was making the statement if he wished.

"Q. In this warning did you mention anything to him about the fact that he could have a lawyer appointed if he wanted one and couldn't afford to hire one?

"A. Yes, sir.

"Q. All right, sir. What did Mr. Anders answer in regards to this warning that you said you gave him personally?

"A. He said he understood it and he was ready to go ahead and talk.

"Q. Go ahead and give you a statement?

"A. Yes, sir.

"Q. Didn't want a lawyer?

"A. No, sir.

\*     \*     \*     \*     \*     \*

"Q. That was in your office down there on the second floor in the Ector County Courthouse, is that correct, sir?

"A. Yes, sir.

"Q. He at that time then gave you a statement concerning this burglary. charge, is that correct?

"A. Yes, sir.

"Q. And you typed it up, I believe, is that right?

"A. Yes, sir."

On cross-examination:

"Q. Now, your testimony with respect to Mr. Anders and what followed, your testimony is that you carried him before the J. P. and then you did what with him?

"A. After the Judge gave him this warning and set a bond he went back to our office and was offered a telephone to make a call to his attorney or anyone that he wanted to call.

\*   \*   \*   \*   \*   \*

"Q. Could you testify again for us, please, sir, the extent of that warning, or the nature of it so far as you can recall the exact words that you said.

"A. I advised him he didn't have to make any statement at all, any statement that he did make could be used against him, that he could call his lawyer and have him present at the time that the statement was being made.

"Q. Did you at anytime—is that all that you told him?

"A. As far as I can recall, yes, sir.

On re-cross-examination:

"Q. Mr. Brown, again in connection with your warning, this warning that you have read over here that is on the statement given by Mr. Anders, is that substantially the warning that you gave him?

"A. Yes, sir.

"Q. Did you add anything further than that warning?

"A. No, sir."

On re-direct examination:

"Q. How much time had elapsed between the time he was surrendered to your custody and the time you were through with the statement? In other words, you had taken the statement, he had signed it, Mr. Baker witnessed it and all, the whole shooting match?

"A. I would say approximately forty-five minutes.

\*   \*   \*   \*   \*   \*

"Q. I am talking about from the time he first was surrendered to you, you took him to the magistrate, took the statement from him and took him up and put him in jail, how long was that, how long a period of time?

"A. Approximately forty-five minutes or an hour."

Judge Nobles testified at the hearing before the court, and his certification as to the warning required by Art. 15.17, supra, which he gave appellant, was introduced in evidence.

The certificate relating to the duties of the magistrate under Art. 15.17, supra (not to be confused with the Examining Trial, Art. 16.01 V.A.C.C.P.) reads:

"This is to certify that on October 5, 1966, at 6 P.M., William Glenn Anders appeared before me in   Odessa / City

Ector County   Texas, at which time and place I administered to him the warnings required by Article 15.17 of the Texas Code of Criminal Procedure, which becomes effective on January 1, 1966, to-wit: The accusation against him and of any affidavit filed therewith; his right to retain counsel; his right to request the appointment of counsel if he is unable to obtain counsel; his right to have an examining trial; his right not to be required to make any statement or take a polygraph examination; and that any statement made by him might be used against him. I further informed him that he would be granted a reasonable time and opportunity to consult with counsel if he desired."

Appellant testified at the hearing before the court but did not testify before the jury. His testimony was to the effect that he was arrested at Pittsburg, Texas, by the Sheriff of Camp County under authority of a warrant from Odessa, and a judge told him or read "a bunch of stuff off and told me he would set my bond at $4000, * * *. I don't remember what it was he told me." The next day, October 5, 1966,

he was brought to Odessa by Ector County Deputy Sheriff Johnson, arriving between five-thirty and six in the afternoon, the distance being more than 400 miles and it being a ten hour drive. Fifteen or twenty minutes after he was "brought upstairs and put in that room over there across from the jailer's office," Deputy Brown took him before Justice of the Peace Nobles. Appellant further testified:

"Q. What did Judge Nobles tell you?

"A. I don't remember what all it was.

"Q. Well, he mentioned the fact that you were entitled to a lawyer if you wanted one, didn't he?

"A. Yes, sir.

"Q. And so far as that part of it is concerned do you remember anything else?

"A. No, sir, except setting bond at three thousand dollars. That is it.

"Q. Then where did you go?

"A. Back to the room.

"Q. To the same room we are talking about?

"A. Yes, sir."

Appellant further testified that he did not recall Deputy Brown giving him any warning, and testified:

"Q. Well, did you feel under any compulsion to give the statement?

"A. All I wanted was to get them off my back.

"Q. Did you feel under any compulsion to give a statement on the basis of what they told you?

"A. The only reason I give the statement they told me they *done* had one statement.

"Q. Did that coerce you or influence you in giving the statement that you did?

"A. Yes, sir."

Appellant further testified that Deputy Johnson had not talked to him about the case and that he was placed in jail around 7:30 P.M., after having been taken before Judge Nobles, talking to Deputy Brown and ultimately signing a statement.

Asked if he read the statement he gave, appellant replied: "I read the part I said."

While there are discrepancies in the testimony as to the exact wording used in warning and apprising appellant of his rights, there is sufficient evidence to support and sustain the finding of the trial judge and his conclusion that the confession was voluntarily made and was admissible.

We overrule the contention that the confession was inadmissible under the principles of Miranda v. State of Arizona, supra. Our holding to the contrary is consistent with both the majority and dissenting opinions in the recent cases of Charles v. State, Tex.Cr.App., 424 S.W.2d 909, and Torres v. State, Tex.Cr.App., 422 S.W.2d 741.

The confession on its face shows that appellant was warned by Judge E. E. Nobles, a magistrate, who was the Justice of the Peace Precinct No. 3, Odessa, Ector County, Texas, and also by James F. Brown, to whom it was made on October 5, 1966.[1]

The certificate of Judge Nobles signed the same day certified that on October 5, 1966, at 6 P.M., appellant appeared before him in Odessa, Ector County, Texas, at which time he administered to him the warnings required by Art. 15.17, supra.

The state concedes that appellant's confession does not specifically set out the time, date and place of the magistrate's warning, and that appellant objected to the

---

1. Art. 38.22 V.A.C.C.P. has since been amended and two separate warnings are no longer required. Acts 60th Leg. p. 1740.

admission of the confession because of such omission.

 This court has held that the written confession made by a defendant while in custody must show the statutory warning on the face of the confession and that parol testimony or recitals in the officer's certificate will not supply the omission. 1 Branch's Ann.P.C. 2d Ed., Sec. 84, and cases cited. Jenkins v. State, 60 Tex.Cr.R. 236, 131 S.W. 542; Overstreet v. State, 67 Tex.Cr.R. 565, 150 S.W. 630; La Fell v. State, 69 Tex.Cr.R. 307, 153 S.W. 884; Grice v. State, 115 Tex.Cr.R. 64, 29 S.W. 2d 793.

The question we are called upon to decide is whether the rule applicable to the required statutory warning should be applied so as to prohibit the admission in evidence of a voluntary confession in writing which does not on its face set out the time, date and place of the magistrate's warning, though the confession meets all other requirements of the Texas Confession Statutes and does not offend the Due Process Clause of the United States Constitution as construed by the Supreme Court in Miranda v. State of Arizona, supra.

 Our conclusion is that the purpose of the requirement that the time, date and place the warning was administered by the magistrate be shown is fully met where the testimony, including that of appellant as well as the certificate of the magistrate, shows that the magistrate administered the warning almost immediately prior to the warning given by the person to whom the confession was made and the making of the confession.

Absent the circumstances here presented, our holding should not be interpreted as requiring anything less than a literal compliance with the Confession Statutes.

Appellant's grounds of error relating to the admission of his confession are overruled.

Ground of error No. 5 complains that an ex parte hearing was held by the court, during the course of the trial, out of the presence of appellant or his counsel.

 This ground of error appears to be directed to a supposed conference between the court and members of the district attorney's staff regarding questions of law which resulted in the court reversing a ruling and admitting evidence offered by appellant. No injury or harm to appellant being shown, ground of error No. 5 is overruled.

 The remaining ground of error relates to the rulings of the trial court refusing to allow testimony of Deputy James Brown at the hearing on the voluntariness of the confession and its admissibility to be read by the court reporter at the trial before the jury—"co-existent with appellant's cross-examination."

We are cited to no authority supporting this ground of error and know of none.

The judgment is affirmed.