Antonio GONZALES, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 41355.

Court of Criminal Appeals of Texas.

June 26, 1968.

Marvin Foster, Corpus Christi, for appellant.

John H. Flinn, Dist. Atty., Gordon Gunter, Asst. Dist. Atty., Sinton, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is burglary with intent to commit theft; the punishment, five (5) years confinement in the Texas Department of Corrections.

Having waived trial by jury, the appellant entered a plea of not guilty before the court. A portion of the evidence was stipulated in accordance with Article 1.15, Vernon's Ann.C.C.P. By such stipulation the parties agreed that the evidence heard on a motion to suppress might be considered by the court.

On appeal it is urged by appellant that his written confession was inadmissible because it was (1) tainted by his illegal arrest and (2) that the State failed to demonstrate an affirmative waiver of the right of counsel prior to such confession as required by Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 2d 694.

The State's evidence reflects that a building occupied by Gordon's Men's Wear in the City of Sinton, San Patricio County, was broken into on November 21, 1966, without the consent of the owner and approximately $2,200 worth of merchandise taken.

On November 26, 1966, it appears that Joe Zapata, a deputy sheriff of San Patricio County and Oscar Hinojosa, a deputy constable in Nueces County, appeared before Justice of the Peace Figueroa, Precinct No. 5 in Nueces County, and secured a search warrant to search the house of appellant's father where appellant lived on Martinez Street in the City of Robstown. The search which followed at approximately 10 p. m. of a "back house" or room where appellant lived revealed a large number of clothes still bearing Gordon's price tags. Appellant was not present at the time. The State acknowledges that the search warrant was invalid, but contends that the search was conducted with the consent of appellant's sister who, though she did not live there, was in charge of the premises at the time. State witnesses related that the search warrant was never exhibited or used in any manner, and that appellant's sister was not informed of its existence, at least, not until the search had been concluded.[1]

Celia Savala, appellant's sister, testified that when the officers appeared they told her upon her inquiry that they had a search warrant signed by a judge and then entered the house. In overruling the motion to suppress, it is obvious that the trial judge as the trier of the facts found that free and voluntary consent had been given to

---

1. While the other State's witnesses stated the search warrant was not used or mentioned, Deputy Sheriff Zapata testified that at the *conclusion* of the search he thanked appellant's sister for her cooperation and permission and for the first time showed her the search warrant.

search the premises without the search warrant being displayed, exhibited or used at the time of search and without appellant's sister being informed of the same. This distinguishes the case at bar from Bumper v. State of North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797.

Robstown City Patrolman Roy DeAlejandro, who had not participated in the search, testified that subsequent to the search he was informed by Deputy Zapata of the burglary in Sinton, the results of the recent search, given the search warrant, and asked to arrest appellant if seen. At 3:30 a. m. on November 27, 1966, DeAlejandro related that he stopped appellant, who stated he had been drinking, some 6 or 7 blocks from his house and took him to the police station. Thereafter, at 6:15 a. m. it appears that the appellant was taken before a magistrate who fully warned him in accordance with Article 15.17, V.A.C.C.P. and appellant stated he understood his rights. Thereupon in appellant's presence the magistrate executed a certificate of the fact that he had warned the appellant, which instrument appears in the record. Thereafter appellant was released to the custody of Deputy Zapata who returned him to San Patricio County where a burglary complaint was filed against him. At 11:10 a. m. on November 27, 1966, appellant was taken before Justice of the Peace Markussen who again gave appellant the warning required by Article 15.17, supra, including the right to retained or appointed counsel.

Judge Markussen testified that after the warnings he inquired of appellant if he understood what he had been advised of and that he received an affirmative reply.

Deputy Zapata testified that following the appearance before Judge Markussen, he gave appellant the warnings required by Article 38.22, and again warned him of his right to consult counsel, either retained or appointed, and that thereafter appellant stated his willingness to give a statement. The written confession which was shown to have been read by appellant before he signed it clearly reflects the warnings given by Judge Markussen and Officer Zapata.

■ We turn first to the question of an affirmative waiver of the right to counsel. In determining whether there is such a waiver as required by Miranda, each case must turn upon its own particular facts and circumstances. United States v. Hayes, 385 F.2d 375 (4th Cir.); McCandless v. State, 425 S.W.2d 636.

While Miranda was not as explicit as it might have been regarding what constitutes an acceptable waiver, the majority opinion did say:

"An express statement that an individual is willing to make a statement and does not want an attorney followed closely by a statement could constitute a waiver. But a valid waiver will not be presumed simply from the silence of the accused after warnings are given or simply from the fact that a confession was in fact eventually obtained."

■ The written confession does not contain an express statement as to waiver, but the absence thereof is not determinative of the question of waiver.

"Just as the mere signing of a boilerplate statement to the effect that a defendant is knowingly waiving his rights will not discharge the government's burden so the mere absence of such a statement will not preclude as a matter of law the possibility of an effective waiver." United States v. Hayes, 385 F.2d 375.

There is nothing in the record to indicate that this appellant was threatened, tricked or cajoled into a waiver. There does not appear any question of physical or psychological coercion. Further, there is no showing of lengthy interrogation or incommunicado incarceration which would mitigate against the finding of a valid waiver.

The majority of this Court held in Charles v. State, 424 S.W.2d 909, cert. denied 392 U.S. 940, 88 S.Ct. 2319, 20 L. Ed.2d 1401, the warnings required by Articles 15.17 and 38.22, in effect at time of appellant's arrest and trial, were as "fully effective" as the warnings required by Miranda and satisfied the holding in that decision. See this writer's dissent in Charles v. State, supra.

 In the case at bar the appellant indicated to each magistrate before whom he appeared that he understood his rights after being warned and after being again warned by Officer Zapata of his right to counsel he indicated his willingness to make a statement, which he did. Under these circumstances, we conclude that appellant's ground of error #2 is within the purview of what we said in McCandless v. State, supra.

"While the 'waiver' was not here demonstrated by the prosecution in the most effective or desirable manner, we feel when the 'totality of the circumstances' are considered the evidence is sufficient to show that the State has discharged its burden and the appellant made a constitutionally permissible waiver as required by Miranda."

We also reject appellant's ground of error #1 that his confession was the fruit of the poisonous tree (his alleged "illegal" arrest). Appellant contends his arrest was not authorized under the admittedly invalid search warrant or by virtue of Article 14.04, V.A.C.C.P., because Officer DeAlejandro testified he did not think appellant was "about to escape." The State contends that the arrest was authorized under said Article 14.04, and particularly under Article 18.22, V.A.C.C.P., since appellant was wearing at the time of his arrest one of the suits taken in the alleged burglary.

 Be that as it may, it is a well established rule that a confession otherwise shown to have been voluntary is not rendered inadmissible by the fact that its author was under arrest or in custody at the time, even though the arrest may have been under invalid process or without any process or legal right. See Lacefield v. State, 412 S.W.2d 906; Pearson v. State, 414 S.W.2d 675.

Appellant contends, nevertheless, that such rule no longer has applicability in light of Collins v. Beto (5th Cir.), 348 F.2d 823, citing Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441. We overrule such contention under circumstances here presented for the same reasons as we overruled the same contention in Lacefield v. State, supra.

 Even if we be wrong, we conclude that the intervention of time, the warnings by the magistrates and the deputy sheriff, etc., are sufficient to demonstrate that the written statement was the act of free will on the part of the appellant and purges the confession of the stigma, if any, of the "arrest."

The judgment is affirmed.