Alton Joseph LAVALLAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 42131.

Court of Criminal Appeals of Texas.

June 18, 1969.

Rehearing Denied Oct. 15, 1969.

Marvin O. Teague, Houston, for appellant.

Carol S. Vance, Dist. Atty., William W. Burge and Richard DeGuerin, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is murder; the punishment assessed by the jury, 50 years.

The grounds of error complain: (1) that the evidence is insufficient to support the jury's finding that the killing was with malice aforethought; (2) that the trial court reversibly erred in admitting a confession of appellant; and (3) that the judgment of conviction is void because two different judges presided, one on the main trial and another at the punishment hearing.

The grounds of error will be considered in reverse order.

■ Judge Wendell Odom presided at the trial on the issue of guilt. Judge Edmund Duggan presided at the punishment hearing before the same jury.

A judge of the district court may hold court for or with any other district judge. Art. 1916 Vernon's Ann.Civ.St.

The record reflects no objection to Judge Duggan presiding at the punishment hearing and no prejudice to appellant.

Ground of error No. 3 is overruled.

■ Responding to a report from the dispatcher, a police officer of the City of La Porte went to a vacant lot at the corner of Adams Street and North Fourth Street, in said city, about 6:30 A.M. an March 27, 1967, and found the body of Dorothy Kennedy (the deceased) under a 1959 Ford automobile owned by appellant.

The autopsy revealed injuries compatible with the deceased having been hit by the automobile and dragged for some distance. Death resulted from a crushed chest, fractured skull and broken neck.

Appellant walked into the police station and, hearing the broadcasts regarding the investigation at the scene, said to the dispatcher: "I done that out on North Fourth."

After he had been taken before a magistrate who warned him of his rights, and had been warned by Chief of Police Freeman, appellant made a statement to Chief Freeman which was reduced to writing and signed by him which reads, in part:

"About 12:00 midnight last night I was at Johnny Joe's Cafe on North Broadway in LaPorte, Texas. I was at the cafe by myself. Dorothy Mae Kennedy was there. I do not know if she was with anyone, but she was just there. I was living common-law with Dorothy for two years. During this time we had lots of trouble. I left Johnny Joe's like I was going home, but I made the block. As I came back around in front of Johnny Joe's place, I saw Dorothy and Dan Rubit leaving in Dan's car. I followed them to the Oak Addition in Baytown, Texas. They went to a little motel in the Oak Addition. I saw them go in together. I slepted in my car the rest of the night right around close to the motel that they had gone in.

"Early this morning Dorothy and Dan came out of the motel and got in Dan's car and came back to LaPorte. They left before I did and I came on into LaPorte. I accidently ran across Dorothy and Dan just as Dan was letting Dorothy out of the car at North Fourth and Polk Streets in LaPorte. I was driving west on Polk Street just as Dan let Dorothy out of his car. Dorothy started walking north on North Fourth on the left side of the road. When I saw her, I lost my temper. I turned right off Polk onto North Fourth. I crossed over on the wrong side of the road and run over Dorothy. Dorothy stayed on the front of the car until I almost stopped and then she fell off and fell up under my car. She was under the car when I got out of my car. I went around to the front of my car and looked and then I came down to the police station. When I came into the police station, I told the policeman

at the window, I was the one who had done that on North Fourth."

Before admitting the written confession in evidence the court conducted a hearing in the absence of the jury, at the conclusion of which he dictated his findings of fact and conclusions of law, and admitted the confession in evidence.

The court's findings and conclusions that the confession was voluntarily made and was admissible are fully supported by the evidence adduced, including the testimony of Magistrate V. L. "Bud" West, the testimony of Chief of Police Freeman, and the warning shown on the written confession signed by appellant.

Judge West testified that he advised appellant that he was entitled to have an attorney present during the making of any statement and advised him to get an attorney before he said anything. Chief Freeman read the warning on the voluntary confession form which included "that he had the right to retain counsel or have counsel appointed, if he could not afford same," and "that he was making a voluntary statement and waiving his right to counsel," and testified that when he read the part that said "I am waiving my right to counsel" he asked appellant if he "understood what that means" and he said he did.

If we understand appellant's contention regarding the sufficiency of the warning given appellant it is that though he was given all of the warnings required by the Texas Statutes (Arts. 15.17 and 38.22, Vernon's Ann.C.C.P., 1965) and by the Supreme Court's opinion in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, neither of the warnings given standing alone complied with Miranda.

We find no merit in such contention. The confession was properly admitted. Hernandez v. State, Tex.Cr.App., 425 S.W.2d 653; Anders v. State, Tex.Cr.App, 426 S.W.2d 228; Charles v. State, Tex.Cr.App., 424 S.W.2d 909, cert. denied, 392 U.S. 940, 88 S.Ct. 2319, 20 L.Ed.2d 1401; McCandless v. State, Tex.Cr.App., 425 S.W.2d 636; Gonzales v. State, Tex.Cr.App., 429 S.W.2d 882; Hill v. State, Tex.Cr.App., 429 S.W.2d 481.

Ground of error No. 2 is overruled.

 The jury was instructed that intent to kill was an essential element of murder and unless the jury believed and found beyond a reasonable doubt that appellant had the intent to kill the deceased to acquit.

Under the evidence the jury was warranted in finding that appellant acted with malice aforethought in killing the deceased. Cooper v. State, 171 Tex.Cr.R. 412, 351 S.W.2d 235; Tuck v. State, 155 Tex.Cr.R. 113, 231 S.W.2d 436; Ely v. State, 139 Tex.Cr.R. 520, 141 S.W.2d 626.

The judgment is affirmed.