**Nelson Gene HENRY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42318.**

Court of Criminal Appeals of Texas.

Nov. 12, 1969.

Spence, Martin & Richie, by Howard Martin, Wichita Falls, for appellant.

Jim Phagan, Dist. Atty., Wichita Falls, and Jim D. Vollers, State's Atty., Austin, for the State.

MORRISON, Judge.

### OPINION

The offense is murder with malice aforethought; the punishment, fifty years.

The only question presented for review is the admissibility of the appellant's confession. Appellant contends that the warnings given him were not in accordance with Articles 15.17 and 38.22, Vernon's Ann. C.C.P., and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

Appellant was arrested at the scene of the crime and taken to the city jail. About two hours later he was taken before Judge Davis who administered the statutory warnings to appellant from a prepared card. The warning stated the offense of which appellant was charged; the appellant's right to retain counsel; the right to request the appointment of counsel if indigent; the right to an examining trial; the right to remain silent; the right not to be required to make any statement and that any statement made by accused might be used against him; the right to an attorney to be present during any interview, and the right to terminate the interview at any time; and the right to be granted a reasonable time and opportunity to consult with counsel. Judge Davis then signed the card. Sgt. Don O. Duncan of the Wichita Falls Police Department signed as witness. The magistrate then asked if the appellant had any questions, and the

appellant only replied that he would like to have bond set.

Some three hours later the appellant dictated and signed a confession. Immediately prior to taking the appellant's confession, Officer Wynn of the Wichita Falls Police Department read the statement on the confession form.[1] which recited that appellant had been given the statutory warnings by Judge Davis. At this time, those warnings were read to appellant again, thus operating as a second warning to appellant. Officer Wynn then asked appellant if he understood what had been read to him and the appellant advised that he did. The entire statement containing the confession, the reiteration of appellant's rights and the statement that the same had been given to him previously by Judge Davis was read and signed by the appellant.

At the trial a hearing was held on the voluntariness of the confession. Art. 38.22 V.A.C.C.P.; Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908.

The appellant contends that he was never warned by a magistrate because the warning read to appellant by Judge Davis was presented in the past tense, thus inferring that appellant had already been advised of his rights when this in fact was not the case. It is apparent that Judge Davis was using the prepared statement as a present warning to appellant of his rights and testified that he told the appellant that he was " * * * giving him his warning and his rights." The appellant was obviously apprised of his rights. The contention that the warnings were given to him in the past tense rather than the present tense and therefore did not adhere to the statutes is without merit as there can be no doubt as to the meanings of the warnings given appellant.

The record reflects that appellant was an adult male and was not shown to be either indigent, ignorant, nor mentally incapable of understanding the warnings given to him.

We hold that appellant's rights were protected as required under Articles 15.17 and 38.22, V.A.C.C.P., and Miranda v. Arizona, supra.[2]

Finding no reversible error, the judgment is affirmed.

---

1. Form used by the Wichita Falls Police Department to reduce to writing any statement that a defendant might desire to dictate. The statutory warning appears at the top of the form.

2. See also Hernandez v. State, Tex.Cr. App., 425 S.W.2d 653; Anders v. State, Tex.Cr.App., 426 S.W.2d 228; McCandless v. State, Tex.Cr.App., 425 S.W.2d 636; Gonzales v. State, Tex.Cr.App., 429 S.W.2d 882; Hill v. State, Tex.Cr.App., 429 S.W.2d 481; Torres v. State, Tex. Cr.App., 422 S.W.2d 741.