**Will LINTON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 42648.**

Court of Criminal Appeals of Texas.

March 11, 1970.

Rehearing Denied April 29, 1970.

the following phrase, " * * * with intent then and there unlawfully * * *." In its brief the state concedes that the use of the word "to" as pointed out would have been better grammatically, but contends that such failure did not mislead the appellant. The omission of a word is not fatal if the word omitted is not essential to the certainty necessary in the description of the offense and does not affect the meaning. Stephens v. State, 69 Tex.Cr.R. 437, 154 S.W. 996. The indictment in this case is sufficient to apprise the appellant of the offense with which he is charged. The appellant's first ground of error is overruled.

Robert D. Peterson, Marlin, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for burglary of a private residence at nighttime with the intent to commit the felony offense of fondling; the punishment, five years.

In his first ground of error the appellant complains that the trial court erred in overruling the appellant's motion to quash the indictment.

█ First, the appellant complains that the indictment does not allege that the female named therein was not the wife of the accused. Such an allegation is not essential to the validity of an indictment charging an offense under Art. 535d, Vernon's Ann.P.C. Griffin v. State, 159 Tex. Cr.R. 142, 261 S.W.2d 838.

█ Next, the appellant complains of the omission in the indictment of the preposition "to" following the word "intent" in

█ Appellant's second ground of error complains of the trial court overruling his motion for an instructed verdict on the ground that the state failed to prove the appellant was the person who made the alleged unlawful entry. The court charged the jury on circumstantial evidence. The complaining witness, although she never saw the appellant's face, described the person who entered her bedroom about 11:30 p. m., to the investigating police officers, as a colored person, barefooted and wearing an orange sweatshirt and knee high pants. Later that night the complaining witness identified the appellant, a Negro male, barefooted and wearing an orange or yellow short-sleeved sweatshirt, short-legged brown pants, when the officers brought him to her house a little after midnight, as the man who was in her bedroom. At the trial the complaining witness identified the appellant as the man who was in her bedroom.

Two of appellant's alibi witnesses testified that he was wearing an orange shirt, short pants, and was barefooted, and another testified that he was wearing an orange shirt and was barefooted. The appellant testified that he was wearing short pants and a Banlon shirt, and was barefooted.

The evidence was sufficient to authorize the jury to find that the appellant was the person who committed the offense charged.

■ In his third ground of error the appellant complains, "The objections to the charge of the court speak for themselves, and, without repeating them here (they appear in R. 8 & 9), it is respectfully urged that the trial court erred in overruling." The record shows that the appellant made 15 general objections to the court's charge, and in his brief he does not present any argument or authorities in support of his complaint. The ground of error does not comply with the requirement of Art. 40.09, V.A.C.C.P. The appellant's third ground of error is overruled.

■ Complaint is made that the trial court erred at the guilt stage of the trial in refusing to permit the appellant to introduce testimony as to his character and reputation before the jury. Appellant fails to point out where in the record it shows that such testimony was excluded. An examination of the record does not show that such testimony was excluded. The appellant's fourth ground of error is overruled.

Appellant further complains that the suggested forms of verdict were prejudicial to him. An examination of the suggested forms reveals no error. The appellant's fifth and sixth grounds of error are overruled.

■ Appellant's seventh ground is that the trial court erred in not defining "lascivious" or "lascivious intent," in its charge to the jury. In absence of an objection to the trial court's charge, or a request for such definitions, the ground of error cannot be reviewed. Arts. 36.14 and 36.15, V.A.C.C.P.; Villarreal v. State, Tex.Cr. App., 429 S.W.2d 508. The appellant's seventh ground of error is overruled.

The judgment is affirmed.