**R. C. MOORE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43208.**

Court of Criminal Appeals of Texas.

Dec. 2, 1970.

Rehearing Denied Jan. 13, 1971.

H. L. Edwards, Nacogdoches, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

MORRISON, Judge.

### OPINION

The offense is murder; the punishment, fifteen (15) years.

The sufficiency of the evidence is not questioned.

Appellant's first ground of error is that the court erred in overruling his mo-

tion to re-draw the jury. The call of the docket was held on January 5 and the State and appellant both announced ready in this case. The court announced that the jury panel for this case would be drawn the following day at 1:30 p. m. On January 6, the jury was drawn in accordance with Art. 35.11, Vernon's Ann.C.C.P., with appellant present and voicing only a general objection. On January 7, this cause came on for trial and the appellant filed a motion to redraw the jury, which was overruled.

Nowhere in this brief does appellant tell us how the court's action varied from the terms of Art. 35.11, supra, and we perceive no variance. His first ground of error is overruled.

■ His second ground of error is that the court erred in permitting the confession to be introduced in evidence because no warning appears on the face of the confession. The confession was not made a part of the record on appeal. No request for its inclusion in the record on appeal was made by appellant.

From Officer Parmer's testimony, we may deduce that the full Miranda warning was on a separate piece of paper which was stapled to the piece of paper on which the confession appears. When the confession was offered, the State indicated that they did not want to be bound by one exculpatory sentence and the court permitted the prosecutor to read all of the remainder to the jury.

Reliance is had upon Anders v. State, Tex.Cr.App., 426 S.W.2d 228, wherein 1 Branch's Ann.P.C.2d Ed., § 84 is cited. The rule has long been that a written confession must show the statutory warning on its face. We have here a question of what this Court has meant by "on its face." If the warning was on one sheet which was affixed to, and ahead of, another sheet on which the body of the confession appeared, would this show the warning to be on the face of the confession? We think so. This is what we have here.

However, it is not necessary for us to decide whether or not the warning was on the face of the confession, because we note that Art. 38.22, V.A.C.C.P. was amended, effective August 28, 1967. The confession in Anders v. State, supra, was taken on October 5, 1966. At that time, the former Art. 38.22, Tex.Laws 1965, ch. 722, vol. 2 at 317 was in effect, which read, in pertinent parts, as follows:

"(a) The confession shall not be admissible if the defendant was in jail or other place of confinement or in the custody of an officer at the time it was made, unless:

\* \* \* \* \* \*

"2. It be made in writing and signed by the accused and shows that the accused has at some time prior to the making thereof received the warning provided in Article 15.17."

The confession in the case at bar was taken on June 29, 1969, after the effective date of the present Art. 38.22, supra, the pertinent parts of which follow:

"1. The oral or written confession of a defendant made while the defendant was in jail or other place of confinement or in the custody of an officer shall be admissible if:

\* \* \* \* \* \*

"(c) it be made in writing to some person who has warned the defendant from whom the statement is taken \* \* \*."

Officer Parmer testified that he warned the appellant and took the confession from him. In the instant case, the prosecutor read the warning; we find it sufficient. He then read the parts of the confession upon which he sought to rely and appellant stated that he wanted to introduce the remainder. We perceive no error.

■ Appellant's third ground of error is that the court refused to permit a witness to testify because she appeared in the courtroom wearing slacks. When the witness was called, the court stated that

the rule of his court would not permit female witnesses to testify while wearing slacks. We need not pass upon the question of whether or not the court abused his discretion because when counsel again called the witness's name and said, "I want to state what her testimony will be," the judge said, "The court will give you an opportunity to do that during the noon hour," evidently in the absence of the jury for the purpose of perfecting his bill of exceptions. Following this, we find, "the court will give you an opportunity to have your witnesses testify," to which appellant's counsel answered, "We rest, subject to the witness's testimony if we tend (sic) to further, your honor." The court then offered to hear the witness at 1:15 in the absence of the jury but she was not called. It is apparent from the above that the court nor the attorneys considered what counsel had said earlier as an offer of proof under Art. 40.09, Sec. 6(b), V.A.C.C.P. As the attorney did not attempt to make any further offer of proof, and did not take advantage of the opportunity to have the witness testify, he is in no position to complain.

Appellant's fifth ground of error is a duplicitous assignment of error and does not meet the requirements of Art. 40.09, V.A.C.C.P. and presents nothing for review. See Huffman v. State, Tex.Cr.App., 450 S.W.2d 858, and Linton v. State, Tex. Cr.App., 452 S.W.2d 494.

Finding no reversible error, the judgment is affirmed.

ONION, Judge (concurring).

I concur reluctantly in the construction placed upon Article 38.22, V.A.C.C.P., as amended 1967. I would caution law enforcement officers and others against a departure from the traditional and wholesome practice of including the statutory and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, warnings on the face of the written confession. Failure to include such warnings may well create far more problems than are solved.