Dianna **COBBS**, Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 46356.**

Court of Criminal Appeals of Texas.

June 13, 1973.

had lived together off and on in a romantic relationship and had a child. There had been some threats each towards the other. On March 13, 1971, the night of the homicide, the appellate went out with Imogene Bowden, and deceased went out with his brother and several of their friends.

Appellant and deceased met at the Lucky Corner Cafe. Deceased began to talk with Dianna Jackson, they left the cafe together, then joined Floyd James and a girl named Evelyn, and all four of them got in deceased's car. He was in the front seat on the right side, Dianna Jackson was sitting by him in the front seat on the driver's side, and the other two were on the back seat. At this time appellant came up to the car with a gun in her hand, opened the door, and as Floyd James and Evelyn got out of the car and ran, she said, "I told you, you so and so," and began firing the gun into the front seat of the car. The bullets struck Frankie Spivey, once in the head and twice in the chest, and wounded Dianna Jackson in the leg. Spivey died from the wounds shortly thereafter.

Appellant by her testimony raised the issue of self-defense on which subject the court properly charged. The court charged on murder with and murder without malice. The jury convicted appellant of murder with malice and, at the second stage of the trial, returned a verdict of 20 years.

Dale Jones, Worley & Wright, Lubbock, for appellant.

Blair Cherry, Jr., Dist. Atty., Bob D. Odom, Asst. Dist. Atty., Lubbock, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

The conviction on a plea of not guilty by a jury was for murder with malice; the punishment, by the jury, was twenty (20) years.

The evidence disclosed that appellant and the deceased, Frankie John Spivey,

■ The first ground of error advanced by appellant is that the court erred in including in the charge on the guilt-innocence stage of the trial the provisions of the statutes as to punishment for murder with and murder without malice.

The appellant did not object to the charge of the court in writing on the ground advanced, as required by Art. 36.14, Vernon's Ann.C.C.P., specifically stating that he had no objections to the charge. Therefore, nothing is presented to the

court for review. Harris v. State, Tex. Cr.App., 457 S.W.2d 903; Grundstrom v. State, Tex.Cr.App., 456 S.W.2d 92; Cedargreen v. State, Tex.Cr.App., 432 S.W.2d 524.

However, we note that since the amendment of Art. 37.07, Sec. 2(a) in 1967, the court shall submit the issue of guilt or innocence "without authorizing the jury to pass upon the punishment to be imposed."

In the charge herein in which the court informed the jury of the range of punishment for murder with and without malice, the jury was not authorized to pass upon the punishment to be imposed at the first stage of the trial. See Gonzales v. State, Tex.Cr.App., 466 S.W.2d 772; Webb v. State, Tex.Cr.App., 439 S.W.2d 342; Watts v. State, Tex.Cr.App., 430 S.W.2d 200. These cases hold that it is not reversible error to inform the jury of the punishment at the guilt-innocence stage of the trial.

We overrule ground of error No. 1.

By ground of error No. 2, appellant says that Article 38.22, V.A.C.C.P., is unconstitutional because it is vague and confusing, and in conflict with Article 15.17, V.A.C. C.P.

No authorities are cited to sustain this contention. Article 15.17 deals with the duty of arresting officers and magistrates, and does not purport to invalidate a confession if not complied with. As to confessions, it is held that compliance with either Art. 38.22 or Art. 15.17 is sufficient. Shadrick v. State, Tex.Cr.App., 491 S.W.2d 681; Dunlap v. State, Tex.Cr. App., 462 S.W.2d 591; Moore v. State, Tex.Cr.App., 462 S.W.2d 574; Easley v. State, Tex.Cr.App., 454 S.W.2d 758.

We do not find Article 38.22, V.A. C.C.P., to be in conflict with Article 15.17, V.A.C.C.P., nor that it is vague or confusing, and overrule ground of error No. 2.

In ground of error No. 3, appellant urges that her written confession was erroneously admitted in evidence because the warnings required by Art. 38.22, V.A.C.C. P., were not shown to have been given to her, nor that she knowingly, intelligently and voluntarily waived her rights.

The confession was dated March 13, 1971, which was the same night of the shooting. It was signed by appellant, sworn to before a notary and witnessed by Charles Park and Jimmie Myers. It recited that it was made to Sgt. Charles Park, who was a city policeman. The printed form used to contain the typewritten narrative of the shooting in question was on a form to be used when such a statement was made to a magistrate, and admittedly did not contain all the warnings required by Art. 38.22. However, in a hearing held by the court outside the presence of the jury, Sgt. Charles Park testified that before appellant made or signed the confession he told her of her right to remain silent, that any statement she might make could and would be used against her in court, that she had the right to the presence of an attorney prior to or during any questioning, that if she could not afford an attorney one would be appointed for her at the expense of the State, and that she had the right to terminate any interview at any time. She said she understood the rights explained to her. She read the statement after which she said it was true and was freely and voluntarily given, and signed it.

The narration in the confession was substantially the same as her testimony, except that in her testimony she added an element of fear that deceased had a gun and was leaning toward her when she shot him. As to the facts of the shooting, the confession added nothing material to the testimony of the other eyewitnesses.

It is not required under Article 38.-22, V.A.C.C.P., that the warnings appear in the face of the written confession if the record shows that they were in fact given before the signing of the confession. Moore v. State, Tex.Cr.App., 462 S.W.2d 574.

The trial court expressly found that the requirements of the Code of Criminal Procedure were met and that the statement was freely and voluntarily given. See Hill v. State, Tex.Cr.App., 429 S.W.2d 481.

We agree with the trial court and overrule ground of error No. 3.

Ground of error No. 4 claims that the punishment of 20 years assessed by the jury is cruel and unusual.

The punishment provided by law for murder with malice is for life or any term of years not less than two. Article 1257, V.A.P.C.

This Court has often said that so long as the punishment is within that prescribed by the Legislature we will not entertain the contention that it is excessive, cruel or unusual. Jacks v. State, 167 Tex.Cr.R. 1, 317 S.W.2d 731; Reid v. State, 157 Tex.Cr.R. 65, 246 S.W.2d 197; Fuentes v. State, 163 Tex.Cr.R. 410, 292 S.W.2d 117; Cooper v. State, Tex.Cr.App., 470 S.W.2d 702; Hunt v. State, 167 Tex.Cr.R. 51, 317 S.W.2d 743.

Ground of error No. 4 is overruled.

Under the facts of this case, the court properly submitted to the jury the issue of murder with malice, and appellant's ground of error No. 5 is without merit.

Finding no reversible error, we affirm the judgment.

Opinion approved by the Court.