**Cirilo PEREZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–81–0022–CR.**

Court of Appeals of Texas,
Amarillo.

Dec. 4, 1981.

Vickers, Purdom & Nelson, Thomas J. Purdom, Lubbock, for appellant.

John T. Montford, Crim. Dist. Atty., Jim B. Darnell, Asst. Dist. Atty., Lubbock, for appellee.

Before REYNOLDS, C. J., and COUNTISS and BOYD, JJ.

BOYD, Justice.

This is an appeal from a conviction for murder. Punishment was assessed by the jury at twenty-two years' confinement in the Texas Department of Corrections. We affirm the judgment.

The record reveals that on January 4, 1979, at about 3 p.m., Officer Baughman of the Lubbock Police Department went to 1815 East Second Street, Lubbock, Texas. Upon arrival he found Bicenta Lopez Perez, wife of appellant Cirilo Perez, bleeding from a gunshot wound. She later expired and the testimony established that the gunshot wound was the cause of death. Rudy Perez, the son of appellant and Bicenta, was the only eyewitness who testified at the guilt or innocence phase of the trial. He stated that appellant, with a gun, came to the house in which the deceased and Rudy were staying, and had a conversation with the deceased which Rudy could not hear. After about ten minutes, Rudy saw appellant rise and point the pistol at the chair in which the deceased was seated as if he were showing the pistol to her. Rudy heard appellant make the statement, "[t]hat gun will shoot now," heard an explosion or bang, and saw the deceased slumped in the chair bleeding from the chest area. Appellant then left the house.

In grounds of error one and two appellant asserts insufficiency of the evidence to show intent. In grounds of error three and four he asserts insufficiency of the evidence to sustain conviction in the case. Because of the closely related nature of these grounds, the evidence bearing thereon, and the law applicable thereto, we will discuss these four grounds of error together.

 It is axiomatic that the evidence must be viewed in a light most favorable to the jury verdict. *Vaughn v. State*, 607 S.W.2d 914, 920 (Tex.Cr.App.1980). A pistol is a deadly weapon *per se*, and, when used by a defendant, an intent to kill is presumed. *Williams v. State*, 567 S.W.2d 507, 509 (Tex.Cr.App.1978). Appellant pointed the gun at a chair in which deceased was seated, she was shot and died as a result of the wound. The evidence is sufficient to show intent and sustain appellant's conviction. *Giles v. State*, 617 S.W.2d 690, 691 (Tex.Cr.App.1981). Grounds or error one through four are overruled.

 In ground of error five appellant alleges error in the failure of the trial court to charge that "this case was based upon circumstantial evidence." The thrust of appellant's argument under this point is that, since there was no testimony from any witness that appellant intentionally pointed or fired his gun at anyone, a charge on circumstantial evidence was required. The evidence here established that appellant pointed a pistol at a chair in which the deceased was seated, an explosion or bang ensued, and the deceased slumped in her chair with a wound. These facts are in such close juxtaposition to each other as to be the equivalent of direct evidence. *Cooper v. State*, 509 S.W.2d 865, 867 (Tex.Cr.App. 1974). Thus, only the question of intent was left to be inferred from the circumstances. An instruction as to circumstantial evidence is not required in that instance. *Williams*, 567 S.W.2d at 510. *Farris v. State*, 496 S.W.2d 55 (Tex.Cr.App. 1973), relied upon by appellant, may be distinguished. In that case the question of who fired the fatal bullet was not established by direct testimony or on facts in such close juxtaposition as to be the equivalent of direct testimony. Appellant's ground of error five is overruled.

Appellant alleges in ground of error six that the trial court erred in submitting the case to the jury because the court had sustained his motion for instructed verdict of not guilty. The record reveals that, at the conclusion of the evidence on guilt or innocence, appellant made an oral motion for instructed verdict of not guilty and, at the same time, handed the court a written motion for instructed verdict on the same ground. The statement of facts shows the judge orally overruled the motion. However, the written motion does contain a notation that such motion was sustained. We note that, subsequent to this time, a written charge was prepared, both sides argued to the jury, the case was submitted

to the jury and a jury verdict was received without further objection on this point from appellant. No reference to this alleged error was made in appellant's amended motion for new trial.

In *Perez v. State*, 578 S.W.2d 753, 754 (Tex.Cr.App.1979), the Court of Criminal Appeals held that recitation in a printed sentence that counsel was present did not control when the statement of facts showed the contrary. *Ex Parte Battenfield*, 466 S.W.2d 569, 572 (Tex.Cr.App.1971), the same court held that a recitation in the judgment that proper admonishments and guilty plea had been made would not control when the statement of facts showed otherwise. We think the same rule should apply here. The statement of facts, the judge's conduct of the remainder of the trial and appellant's acquiescence therein all show that the notation on the written motion, purportedly granting it, was the result of a technical error. Appellant's ground of error six is overruled.

In ground of error seven, error is alleged in allowing the jury to set punishment because neither the defendant nor his attorney elected to have the jury set punishment. The appellant announced ready when announcements on that phase of the case were called for by the judge, produced testimony, and participated in closing arguments all without objection. In view of appellant's participation in and failure to object to such procedure no reversible error is presented. *Dickson v. State*, 492 S.W.2d 267, 270–71 (Tex.Cr.App.1973). Appellant's ground of error seven is overruled.

In ground of error eight, appellant alleges the punishment assessed was cruel and unusual under the circumstances and facts of the case. The record reveals that all mitigating circumstances were presented to the jury at the punishment hearing and the punishment assessed was within the statutory limits prescribed by the legislature. That being the case, it was not excessive, cruel, or unusual. *Poe v. State*, 513 S.W.2d 545, 548 (Tex.Cr.App.1974); *Cobbs v. State*, 495 S.W.2d 900, 903 (Tex.Cr.App.

1973); *Samuel v. State*, 477 S.W.2d 611, 614 (Tex.Cr.App.1972). Appellant's ground of error eight is overruled. We affirm the judgment of conviction in this case.