Robert D. NICHOL, Appellant,

v.

The STATE of Texas, Appellee.

No. 45282.

Court of Criminal Appeals of Texas.

April 12, 1972.

Rehearing Denied June 7, 1972.

Billy J. Wilkinson, San Antonio, for appellant.

Ted Butler, Dist. Atty., John Quinlan, III, and Antonio G. Cantu, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of incest. The court assessed punishment at six years.

On June 14, 1971, the appellant pled guilty before the court to the indictment charging him with having had carnal knowledge of his seven-year-old daughter. The trial court properly admonished him and found him to be sane. Appellant waived his right to a jury trial and stipulated testimony and other evidence was admitted with appellant's written consent as provided in Article 1.15, Vernon's Ann. C.C.P. Appellant sought probation.

After finding the appellant guilty, the trial court set punishment at six years and ordered a pre-sentence investigation by the probation office. On July 8, 1971, the trial court denied appellant's application for probation and imposed the sentence.

In his sole ground of error appellant complains that the trial court abused its discretion in not granting probation for allegedly failing to consider fully his good military record and his lack of former convictions.

The trial court ordered a pre-sentence investigation and delayed sentencing for some twenty-four days. We do not know what the trial court considered, but we presume he gave due consideration to all pertinent information to determine if justice would be better served by granting or denying probation.

"The question of whether an accused is entitled to probation in a trial before the court is a matter solely for the trial court's discretion." McNeese v. State, Tex.Cr.App., 468 S.W.2d 800, 801.

 No abuse of discretion has been shown. The judgment is affirmed.