**David Allan MARR, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 46033.**

Court of Criminal Appeals of Texas.

Oct. 25, 1972.

Rehearing Denied Dec. 13, 1972.

Knox Jones, McAllen, for appellant.

Oscar B. McInnis, Dist. Atty., and Thomas P. Beery, Asst. Dist. Atty., Edinburg, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge

The offense is the possession of marihuana; the punishment, thirty (30) months in the Texas Department of Corrections.

Appellant's first ground of error set forth in his brief filed in the trial court is that the court abused its discretion by "not ascertaining all relevant factors regarding sentencing appellant . . .". Specifically, he contends the court erred in refusing to order a pre-sentence investigation which would have disclosed appellant was a narcotics addict and that he worked as an undercover narcotics agent. He claims both of these facts should have entitled him to probation.

The record reflects that appellant's first request for such a report came through a Motion for New Trial presented at the hearing for the purpose of sentencing. The record further reflects that appellant was on probation at the time of this trial and that, at the trial on the merits, the judge listened to evidence from both sides, including a physician called by the defense, concerning the fact that the appellant was a heroin addict and desired probation in order to seek treatment.

▬▬▬▬ The question of whether an accused is entitled to probation in a trial before the court is solely a matter for the trial court's discretion. McNeese v. State, Tex. Cr.App., 468 S.W.2d 800. This court will not disturb the action of the trial court in denying probation. Jackson v. State, Tex. Cr.App., 474 S.W.2d 237; Trautschold v. State, Tex.Cr.App., 466 S.W.2d 536 and cases as cited.

▬▬▬ In a brief filed for the first time in this court, appellant challenges the constitutionality of Article 725b, Vernon's Ann. P.C., insofar as it classified marihuana (cannabis) as a narcotic drug. In Sanders v. State, Tex.Cr.App., 482 S.W.2d 648, we addressed ourselves to substantially the same questions. Our views remain the same.

Finding no reversible error, the judgment is affirmed.