**Jesus C. BALDERAS, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47168.**

Court of Criminal Appeals of Texas.

July 17, 1973.

Thomas Rocha, Jr., San Antonio, for appellant.

Ted Butler, Dist. Atty., Arthur A. Estefan, David K. Chapman, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty. and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The conviction is for robbery by firearms; the punishment, seven years imprisonment.

Prior to trial, the State filed written notice that it would not seek the death penalty. The appellant waived a jury trial and entered a plea of guilty before the Court.

On appeal, the appellant raises two grounds of error. They are:

"The trial court erred when they assigned the trial and punishment case to one court (144th District Court) and the

decision to grant or deny probation to another court (175th District Court)."

and,

"The trial court (175th District Court) erred when it denied appellant's application for probation without requiring a full investigation regarding appellant's eligibility for probation."

The record reflects that this case was on the docket in the 175th District Court of Bexar County, in which the Honorable Preston Dial is the regularly elected Judge. The appellant entered a plea of guilty before the Honorable Archie Brown, the regularly elected Judge of the 144th District Court of Bexar County, while he was temporarily sitting and presiding in the 175th District Court. After the appellant's plea had been accepted, a finding of guilty made, and punishment assessed, sentence was deferred in order that a pre-sentence report could be made by the Probation Department and the appellant's motion for probation could be considered.

Thereafter, the appellant and his counsel appeared before the Honorable Preston Dial, in the 175th District Court, for a hearing on the motion for probation, which was denied. Time was then granted to the appellant for the filing of a motion for new trial. The record does not contain a motion for new trial and the appellant was sentenced on a subsequent date.

 It was not improper for the Honorable Archie Brown to sit as Judge of the 175th District Court and to accept the plea of guilty and assess punishment, and, thereafter, for the Honorable Preston Dial, sitting in the same Court, to hear the appellant's motion for probation. See Articles 199, subd. 37 and 1916, Vernon's Ann. Civ.St. and compare Joines v. State, 482 S.W.2d 205 (Tex.Cr.App.1972) and Laval-las v. State, 444 S.W.2d 931 (Tex.Cr.App. 1969). The assertion of the appellant in his brief that Article 42.12, Sec. 5, Vernon's Ann.C.C.P. was violated, is without merit.[1]

 The record does not reflect that any evidence was offered or that Judge Dial refused to hear evidence on the hearing of the motion for probation. The trial court has the absolute and unreviewable discretion whether to refuse or to grant probation. See Saldana v. State, 493 S. W.2d 778 (Tex.Cr.App.1973); Marr v. State, 487 S.W.2d 93 (Tex.Cr.App.1972) and Nichol v. State, 480 S.W.2d 222 (Tex. Cr.App.1972).

Both grounds of error are overruled.

The judgment is affirmed.

Opinion approved by the Court.

---

1. Article 42.12, Sec. 5, V.A.C.C.P. provides, in part:
"Only the court in which the defendant was tried may grant probation, fix or alter conditions, revoke the probation, or discharge the defendant, unless the court has transferred jurisdiction of the case to another court with the latter's consent . . . ."