**Raul HERRERA and Antonio Raymon Nichols, Appellants,**

**v.**

**The STATE of Texas, Appellee.**

**No. 48831.**

Court of Criminal Appeals of Texas.

July 24, 1974.

Rehearing Denied Sept. 18, 1974.

Knox Jones and Roberto J. Yzaguirre, McAllen, for appellant.

Oscar McInnis, Dist. Atty., and Thomas P. Berry, Asst. Dist. Atty., Edinburg, Jim D. Vollers, State's Atty. and Larry Gist, Asst. State's Atty., Austin, for the State.

OPINION

JACKSON, Commissioner.

On May 22, 1973, both appellants entered pleas of guilty, after waiving trial by jury, to the offense of possession of a narcotic drug, to-wit, marihuana, which occurred on January 26, 1972. The punishment for Herrera was four (4) years, and for Ni-

chols, three (3) years. They were so sentenced on June 4, 1973.

■ It is the contention of appellants that Art. 725b, Vernon's Ann.P.C., under which they were convicted, is unconstitutional wherein it classifies marihuana as a narcotic drug. They contend that when the Texas Controlled Substances Act was passed, effective August 27, 1973, reclassifying marihuana as a dangerous drug instead of a narcotic drug, this was an admission by the Legislature that the former classification was in error and, therefore, the new classification as a dangerous drug should be retroactive and should apply to the offense occurring before August 27, 1973. They cite State v. Zornes (Washington), 469 P.2d 552. We decline to follow that case.

The law in effect at the time of the appellants' arrest, trial, and sentencing, concerning unlawful possession of marihuana, was Article 725b, V.A.P.C. That Statute classified marihuana as a narcotic drug. This Court has held many times that such a classification was not unconstitutional. See Sanders v. State, Tex.Cr.App., 482 S. W.2d 648, cert. den. 409 U.S. 884, 93 S.Ct. 176, 34 L.Ed.2d 140. See also Peach v. State, Tex.Cr.App., 498 S.W.2d 192, and Morse v. State, Tex.Cr.App., 502 S.W.2d 805.

The Controlled Substances Act, Art. 4476–15 Tex.Rev.Civ.St. provides in Sec. 6.01(a):

> ". . . this Act applies only to offenses committed on and after its effective date, and a criminal action for an offense committed before this Act's effective date is governed by the law existing before the effective date, which law is continued in effect for this purpose, as if this Act were not in force."

We overrule appellants' first contention.

■ In their second ground of error, appellants complain that there was an unjust disparity between their sentences and those of Louis Saenz and Debra Saenz,

who were placed on probation in a trial before the court for an offense growing out of the same transaction. The question of whether an accused is entitled to probation is solely a matter for the trial court's discretion. McNeese v. State, Tex.Cr.App., 468 S.W.2d 800; Marr v. State, Tex.Cr. App., 487 S.W.2d 93. The same can be said of punishment. cf. Sonderup v. State, Tex.Cr.App., 418 S.W.2d 807.

We overrule this contention.

■ Thirdly, appellants seek to be resentenced under Sec. 6.01(c) of the Texas Controlled Substances Act because their cases were pending on appeal at the effective date of the same.

This prayer must be denied in view of our holdings that such provision is unconstitutional. Ex parte Giles, Tex.Cr.App., 502 S.W.2d 774.

We overrule this contention.

The judgments are affirmed.

Opinion approved by the Court.