**Robert BURNS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 57249.**

Court of Criminal Appeals of Texas, Panel No. 1.

Feb. 15, 1978.

---

**14.** The word "sentence" is obviously used as being synonymous with punishment.

Alan Brown, San Antonio, for appellant.

Bill M. White, Dist. Atty.; Sharon S. Ma-cRae and Marcelo R. Montemayor, Asst. Dist. Attys., San Antonio, for the State.

Before TOM G. DAVIS, DALLY and W. C. DAVIS, JJ.

OPINION

DALLY, Judge.

Appellant waived his right to a trial by jury and pled guilty to the offense of aggravated assault with a deadly weapon; punishment was assessed at imprisonment for 5 years.

Appellant's sole contention, that the court abused its discretion in denying appellant's application for probation, is without merit. Whether a defendant is entitled to probation is for the trial court, in its discretion, to decide. *Cantu v. State,* 546 S.W.2d 621 (Tex.Cr.App.1977); *Herrera v. State,* 513 S.W.2d 71 (Tex.Cr.App.1974); *Balderas v. State,* 497 S.W.2d 298 (Tex.Cr. App.1973); *McNeese v. State,* 468 S.W.2d 800 (Tex.Cr.App.1971).

Under this ground of error appellant also complains that the court denied him access to the presentence report upon which the decision to deny appellant's application for probation was based. Art. 42.12, Sec. 4, V.A.C.C.P., as amended effective April 5, 1977, provides as follows:

"When directed by the court, a probation officer shall fully investigate and report to the court in writing the circumstances of the offense, criminal record, social history and present condition of the defendant. Whenever practicable, such investigation shall include a physical and mental examination of the defendant. Defendant, if not represented by counsel, counsel for defendant and counsel for the state shall be afforded an opportunity to see a copy of the report *upon request.* If a defendant is committed to any institution the probation officer shall send a report of such investigation to the institution at the time of commitment." (Emphasis added.)

Appellant was found guilty on March 7, 1977, and sentenced on April 14, 1977. The record does not reflect that appellant, before punishment was assessed and before he was sentenced, requested an opportunity to see the presentence report, which is included in the record before us. See *Lopez v. State,* 556 S.W.2d 821 (Tex.Cr.App.1977). No error has been shown.

The judgment is affirmed.