Michael A. WASHINGTON, Applicant,

v.

Michael T. McSPADDEN, Judge, Respondent.

No. 69129.

Court of Criminal Appeals of Texas, En Banc.

Sept. 19, 1984.

Walter O. Gill, Jr., Marcia Johnson, James Stafford, Houston, for applicant.

Stanley G. Schneider, Houston, for respondent.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

CAMPBELL, Judge.

This is a petition for writ of mandamus.

On March 29, 1983, the applicant appeared in the 209th District Court of Harris County; the respondent, Michael T. McSpadden, Judge, presided. The record reflects the purpose of this appearance was for the entry of a guilty plea in trial court Cause No. 368, 781, for the felony offense of burglary of a building. The applicant was represented by counsel.

During the course of the hearing to accept the guilty plea the respondent trial judge gave the applicant the following admonishment:

"[RESPONDENT]: Let's have a 'yes, sir,' every time you say 'yes,' I want a 'sir' behind it. Do you understand that? Or you are not going to get probation, if you want probation, you are going to get 30 days. You understand that?

"[APPLICANT]: Yes, sir."

Subsequent to the admonishment the respondent again alluded to the possibility of sentencing applicant to 30 days in jail if he failed to respond to questions with "sir":

"[RESPONDENT]: Your are to permit your probation officer to visit you in your home or elsewhere.

"You are to work faithfully at suitable employment.

"Are you working now?

"[APPLICANT]: Yes, part-time.

"[RESPONDENT]: Where do you work?

"Let's have a 'yes, sir,' I swear to God—how long does it take you to listen? Every time a 'yes' comes out of your mouth, you better say 'yes, sir.' Do you understand that?

"[APPLICANT]: Yes, sir.

"[RESPONDENT]: Do you think 30 days would help him? Seriously. I don't like giving anyone probation that isn't deserving, at least, the consideration.

"Do you think this is a joke, Mr. Washington?

"[APPLICANT]: No, sir.

"[RESPONDENT]: Watch what you say. The next 'yes' that comes out of your mouth without a 'sir' behind it, you are going to get 30 days. I can do that to you. Do you understand that?

"[APPLICANT]: Yes, sir.

"[RESPONDENT]: You are starting off real well. I'll probably see you in about a month.

"Anytime you leave the county limits, you are supposed to get permission from the probation officer.

"If your work takes you outside the county limits or you want to go visit people, you must have permission before you leave the county limits.

"Again, let's go back to where you are working. Where are you working, Mr. Washington?

"[APPLICANT]: I'm working with my uncle in South Park Denny's Cleaners (sic).

"[RESPONDENT]: Can you get steady work?

"[APPLICANT]: Yes.

"[RESPONDENT]: Thirty days. That's another condition. You are going to do 30 days.

"You can go in today.

"[DEFENSE COUNSEL]: Can he have one more chance?

"[RESPONDENT]: No.

"As a special condition, you are going to do 30 days. So, for 30 days just thank me every single day you spend there because there will be no good time at all. It will be 30 straight days.

"Please think of me, Mr. Washington, every single day you spend in jail. Start saying 'sir' to people. You understand that?

"[APPLICANT]: Yes, sir.

"[RESPONDENT]: Thirty is all I can do to you. I'd have done 60 if I could; but you are going to do 30 days and learn how to be responsible; and this is the first step."

■ This Court has jurisdiction to issue writs of mandamus pursuant to Tex. Const. Art. V, Sec. 5. In order for mandamus to issue, the party seeking mandamus must show that there is no other adequate remedy available and that the act sought to be mandated is a ministerial act. *Tex. Bd. of Pardons and Paroles v. Miller*, 590 S.W.2d 142 (Tex.Cr.App.1979). Mandamus is not available to compel a discretionary act as distinguished from a ministerial act. *Ordunez v. Bean*, 579 S.W.2d 911 (Tex.Cr. App.1979).

■ Applicant contends[1] that the respondent lacked either the authority or power to require him to serve 30 days in jail as a condition of his probation. Whether a defendant is entitled to probation is for the trial court, in its discretion, to decide. *Burns v. State*, 561 S.W.2d 516, 517 (Tex. Cr.App.1978).

Article 42.12, Sec. 6b(a) and (b), V.A.C. C.P., expressly provided:

"(a) When the court having jurisdiction of the case grants probation to the defendant, in addition to the conditions imposed under Section 6 of this article, the court may require as a condition of probation that the defendant submit to a period of detention in a penal institution to serve a term of imprisonment not to exceed 30 days or one-third of the sentence whichever is lesser.

"(b) The imprisonment imposed shall be treated as a condition of probation, and in the event of a sentence of imprisonment upon the revocation of probation, the term of imprisonment served hereunder shall be credited toward service of such subsequent imprisonment."

■ In the instant situation the respondent acted under the express authority of the statute. Likewise, the trial judge is given a wide variety of terms and conditions which may be imposed when granting probation. Article 42.12, Sec. 6, V.A.C.C.P. Since the granting of probation is clearly within the judge's power, the decision to require applicant to serve 30 days as a condition is clearly a discretionary act. Mandamus is not available. The record reflects that the trial judge imposed the thirty day jail term after twice admonishing applicant of the consequences of his failing to respond to questioning as requested. We find no abuse of discretion in the trial court's action.[2]

1. We note that applicant additionally filed an amended writ of prohibition and/or writ of mandamus alleging that respondent had no legal right to require probationers generally to contribute to Crime Stoppers and to C.R.I.M.E. as a condition of probation. We have reviewed this pleading and we find that it is not germane to our disposition of this cause.

2. We pause to note parenthetically, however, that the actions of the respondent in this cause are hardly models for judicial behavior. By count in this record, the applicant answered "Yes, sir," or "No, sir" approximately twenty times before respondent saw fit to attach a 30 day jail term to applicant's conditions of probation. The consequences of respondent's action might well be reflected in the ultimate disposi-

Accordingly, the relief requested is denied.

MILLER, Judge, concurring.

While the majority opinion is sound as far as it goes, some further elaboration of the legislative changes recently promulgated in the areas of plea bargaining is in order lest the trial judge in this case believe that he may repeat this sort of chicanery with our judicial blessing.

It is initially important to clarify just what a judge has discretion to do in certain guilty plea situations. Specifically, once a judge exercises his discretion and decides to accept a plea bargain, does he then also have discretion to add conditions of probation not referred to in the plea bargain? Put another way, may the parties bind a judge as to what conditions of probation he may initially impose?

Trial judges are given broad discretion in the area of sentencing. The sentencing sub-areas of probation and plea bargaining are germane to the case at bar.

In the area of probation: Trial judges have the discretion to grant or deny an application for probation. See generally Art. 42.12, Notes 103–105, V.A.C.C.P. If they decide to grant probation, they have wide discretion to impose reasonable terms and conditions of probation. *Tamez v. State*, 534 S.W.2d 686 (Tex.Cr.App.1976). They have discretion to modify conditions of probation at any time during the period of probation. Art. 42.12, Sec. 6(a), V.A.C.C.P., provides:

"The court having jurisdiction of the case shall determine the terms and conditions of probation and may, at any time, during the period of probation alter or modify the conditions; . . ."

In the area of plea bargaining: Prior to 1977 the law was clear that the trial judge was not in any way bound by the plea bargain and regardless of any plea bargain he could assess punishment anywhere within the punishment range. *Galvan v. State*, 525 S.W.2d 24 (Tex.Cr.App.1975). The defendant, by freely and voluntarily pleading guilty, legally took his chances on what the punishment might be and was simply stuck with the unforseen decision of the trial judge. *Gibson v. State*, 532 S.W.2d 69 (Tex.Cr.App.1975). In order to correct the perceived inadequacy in such a system the legislature took up the suggestion of Judge Roberts' dissent in *Gibson*, supra:

"... when the trial judge rejects a plea bargain, the defendant, upon timely request, should have the right to withdraw his guilty plea." *Id.* at 77.

Art. 26.13, V.A.C.C.P., was amended by the Acts 1977, 65th Leg., p. 748, ch. 280, Sec. 1, eff. Aug. 29, 1977, so that the trial judge who is not going to follow a plea bargain, as is clearly in his discretion, must inform the defendant of this fact and allow him to withdraw his plea.[1] Realizing that plea bargaining is indispensible to the criminal justice system the legislature simply codified the teachings of *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971) (cited by the majority).

In view of this codification, we are today faced with the question of whether a trial judge, who in his discretion has decided to

---

tion of this case in an appeal on its merits or in a collateral attack. See generally, *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).

1. Art. 26.13(a)(2) provides:
   "(a) Prior to accepting a plea of guilty or plea of nolo contendere, the court shall admonish the defendant of:
   (2) the fact that the recommendation of the prosecuting attorney as to punishment is not binding on the court. Provided that the court shall inquire as to the existence of any plea bargaining agreements between the state and the defendant and, in the event that such an agreement exists, the court shall inform the defendant whether it will follow or reject such agreement in open court and before any finding on the plea. Should the court reject any such agreement, the defendant shall be permitted to withdraw his plea of guilty or nolo contendere, and neither the fact that the defendant had entered a plea of guilty or nolo contendere nor any statements made by him at the hearing on the plea of guilty or nolo contendere may be used against the defendant on the issue of guilty or punishment in any subsequent criminal proceeding;"

follow a plea bargain where probation is recommended, must impose only those terms and conditions of probation that are a part of the plea bargain. Does he retain the same discretion to set whatever terms and conditions he sees fit where there is a plea bargain as where there is no plea bargain?[2]

Art. 26.13 should be interpreted to mean that terms and conditions of probation, as well as the granting of probation itself, may be plea bargained for as surely as any other aspect of punishment. In fact probation conditions often are, and are in this case, the most severe consequences of the punishment hearing. As stated by Justice Whitham in his concurring opinion in *Fogle v. State*, 667 S.W.2d 296, 299 (Tex.App.— Dallas, 1984):

"As dissatisfaction with various aspects of the criminal justice system grows, there will be a tendency on the part of judicially activist trial judges to devise 'innovative' terms and conditions of probation. [footnote ommitted] These 'innovative' terms and conditions may well become the punishment imposed for the crime; subject to the requirement that it be reasonable."

Actually, "interpreted" used above is a bit of a misnomer. We need only "take note" of the plain meaning of the words of the amendments to Art. 26.13 since 1977 to see that the legislature meant just exactly what it said: if a plea bargain has been struck, the trial judge must either accept it (in toto) or reject it and give the defendant an opportunity to withdraw his plea.

The applicant would have us hold that a trial judge is not bound by conditions of probation that are the subject of a plea bargain. Prior to the 1977 amendments to Art. 26.13 such a holding would have been a correct statement of the law but only because *no* subject matter in a plea bargain bound a trial judge. *Gibson*, supra.

The non-binding status of a plea bargain was even codified in 1975 when the legislature amended Art. 26.13 as follows:

(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

\* \* \* \* \* \*

(2) the fact that any recommendation of the prosecuting attorney as to punishment is not binding on the court. Acts 1975, 64th Leg., p. 909, ch. 341, Sec. 3.

Just two years later in 1977 the legislature's amendment to Art. 26.13 plainly stated that whatever the plea bargain is, the trial judge either must follow it or allow the defendant to withdraw his plea.

I would therefore hold that (subject to the caveat in footnote 2) where a trial judge does not intend to follow the plea bargain, including agreements as to terms and conditions of probation, he must comply with Art. 26.13 and permit the defendant to withdraw his plea.

In the case at bar therefore while the trial judge did not abuse his discretion in adding as a term and condition of probation that petitioner serve thirty days in jail, he did not comply with the mandatory requirements of Art. 26.13. Petitioner does not complain of that non-compliance, however, and so the majority is correct in denying him relief until such time as he does so.

I concur in the result.

CLINTON, Judge, dissenting in part and concurring with the judgment.

The majority opinion is premised on a general proposition that is unassailable: "Whether a defendant is entitled to probation is for the trial court, in its discretion, to decide." However, as Judge Teague points out, in this cause putatively that entitlement flowed from a negotiated plea

---

**2.** It must be remembered that these questions do not arise in a situation where the plea bargain expressly, by agreement, contemplates that the trial judge may decide the terms and conditions of probation. Nor is the mandate of Art. 42.12, Sec. 6(a), that the trial judge may alter or

modify the conditions *during* probation affected. Of course, those modifications must be reasonable and have a reasonable relationship to the purposes of probation. *Hernandez v. State*, 556 S.W.2d 337 (Tex.Cr.App.1977).

bargain. Thus, when honored by a trial court, terms of the bargain become guarantees, so to speak. See Article 26.13, V.A.C.C.P.

That a trial judge is given express statutory authority to pick and chose from a wide variety of conditions to be imposed when granting probation may not be relevant in a plea bargain situation, for usually all options of any consequence are settled in negotiations leading to the bargain. Conceptually, then, to come to grips with what occurred in the court below is, for me at least, a slippery undertaking.

The record reveals that before the "obedience training" contretemps reproduced in the majority opinion, Respondent conducted a guilty plea hearing. While inquiring of petitioner as to his understanding of the plea bargain agreement, Respondent asked, "What have you agreed to? How much time?" Petitioner responded, "Four years probation." Continuing in that vein, Respondent had petitioner state his understanding that the bargain also included a fine and restitution in certain amounts and caused both counsel to confirm that such was "the full extent of the plea bargaining agreement;" he then admonished petitioner with respect to limitations of appeal in accordance with Article 44.02, V.A.C.C.P., concluding, "If the Court decides not to accept it, you will be allowed to withdraw your plea." However, Respondent then immediately stated, "In this case the Court is going to follow the plea bargaining agreement," and reiterated the term and conditions to which all had just assented in open court. Confinement for thirty days as a condition of probation was not one of them.

The majority sees nothing to be troubled about, perceiving that "the decision to require petitioner to serve 30 days as a condition is clearly a discretionary act." But, again, the majority utterly ignores the fact that the plea bargain negotiated by the State and petitioner exists—it is not even mentioned in that opinion—much more the fact that the agreement does not contemplate confinement for thirty days. Indeed, as observed by the majority, Respondent did not opt for confinement until "twice admonishing petitioner of the consequences of his failing to respond to questioning as requested." Obviously, his decision is dehors the plea bargain to which petitioner agreed, and the question thus raised is the extent to which a plea bargain limits discretion of a trial judge in these premises.

Though inappropriate in a mandamus proceeding, nevertheless the majority summarily finds "no abuse of discretion in the trial court's action," thereby begging the question. Yet, in an accompanying note there is an indication of enough concern that such actions are "hardly models for judicial behavior" to prompt a suggestion that remedial measures may be still available in another forum.

Patently the majority never gets a hold on a solution. By its enigmatic reference to *Santobello v. New York*, the majority seems to hint that petitioner may be entitled to specific performance of his plea bargain or to leave to withdraw his plea. I agree with that notion, and had petitioner prayed for that kind of order here, surely the Court would have granted it. Even now we may treat the instant application as an original application for writ of habeas corpus, as Judge Teague demonstrates. To the failure of the majority to do so, I respectfully dissent.[1]

Nowhere in its opinion does the majority directly address Respondent's making the underlying admonition to youthful defendants in the first place. That is, "Every time you say 'yes,' I want a 'sir' behind it. But by implication at least the majority seems to sanction it. As I view the situation, however, the Court need not—indeed, should not—approve it in this mandamus action.

---

1. Perhaps unnoticed by all concerned, on July 19, 1984, the Clerk of the Court received from applicant his motion for leave to file an application for writ of prohibition and amended application for writ of mandamus, seeking relief from other conditions of probation imposed by Respondent in this case. In my judgment significant issues are raised by applicant, and because the Court does not grant leave to file, I also dissent.

In the final analysis, it seems to me, the admonishment routinely given by Respondent in such cases is truly the nub of the problem. From the bench in his courtroom Respondent affects the part of Professor Higgins in Pygmalion. Yet, however we, as men, may regard his playing that role, still we may not, as judges, critique it through writ of mandamus.

Accordingly, I concur with the judgment of the Court.

TEAGUE, Judge, dissenting.

The issue that is presently before this Court is whether the trial judge, Hon. Michael T. McSpadden, had the lawful authority to impose upon Michael A. Washington, applicant, a condition of probation that requires Washington to be confined in the Harris County jail for 30 "straight" days.

Because of the issue that is presently before this Court, I would treat the application for writ of mandamus that the applicant has filed as an application for writ of habeas corpus, which would comport with this Court's prior decision of *Ex parte Giles*, 502 S.W.2d 774 (Tex.Cr.App.1974).

I first observe that when a trial judge assesses the punishment, and probates same, he is not limited in setting the conditions of probation to the suggested statutory conditions of probation. However, his discretion is not unlimited because the terms and conditions that are imposed must have a reasonable relationship to the treatment of the probationer and the protection of the public. *Tamez v. State*, 534 S.W.2d 686 (Tex.Cr.App.1976). Furthermore, his authority is additionally limited when the punishment that is assessed is done pursuant to a plea bargain agreement between the parties.

In this instance, the majority erroneously upholds a condition of the applicant's probation that was granted by Judge McSpadden, which condition requires that the applicant must serve 30 "straight" days in the Harris County jail.

The majority uses the following reasoning to uphold the condition of probation that Judge McSpadden imposed. "Since the granting of probation is clearly within the judge's power, the decision to require applicant to serve 30 days as a condition [of his probation] is clearly a discretionary act." (Maj. opinion at page 422). The majority then holds that Art. 42.12, Sec. 6b(a) and (b), V.A.C.C.P., as then worded, gave Judge McSpadden the authority to impose the above condition of probation. I respectfully disagree with both the majority's reasoning and the holding it makes.

Had there been no plea bargain agreement as to punishment, the majority's reliance upon the above statutory provisions might not be misplaced. But in this instance there was a plea bargain agreement that did not call for the applicant to serve any time in the Harris County jail.

The record clearly reflects that all agreed that in exchange for a plea of guilty from the applicant, his punishment would be assessed at four years' confinement in the penitentiary, with same to be probated for a like period of four years. Judge McSpadden did in fact assess punishment in accordance with the plea bargain agreement. However, he imposed as a condition of the probation the condition that applicant must serve 30 "straight" days in the Harris County Jail, which was contrary to the plea bargain agreement that applicant had entered into with the prosecutor.

A clear reading of the provisions of Art. 42.12, Section 6b(a) and (b), supra, reflects a legislative intent that the imposition of a condition of probation that calls for the probationer to serve jail time was to be used by trial judges as a form of punishment for the underlying offense and not as a condition of probation intended to aid in the rehabilitation of the probationer. Furthermore, as a matter of law, the jail time condition can be imposed only at the time the defendant is granted probation, whereas all other conditions of probation can be imposed at any time during the probationary period.

Furthermore, since the jail time condition that is provided for by Section 6b(a) and (b) is a form of punishment, it is subject to

plea bargain agreement limitations. Since the plea bargain agreement in this instance made no mention of any Section 6b jail time, the imposition of such as a condition of probation by Judge McSpadden was therefore outside the parameters of the plea bargain agreement that appellant had entered into. Thus, because confinement in the county jail was not a part of the plea bargain agreement, Judge McSpadden was precluded and prohibited from assessing any jail time as a condition of probation. Thus, applicant is entitled to relief.

There is yet another reason why the applicant is entitled to relief.

The majority assesses the behavior of Judge McSpadden in this manner: "[T]he actions of the respondent [trial judge] in this cause are hardly models for judicial behavior." I agree. The record clearly reflects that, rather than acting as a trial judge should act, Judge McSpadden, instead, acted much like a military drill instructor might act when dealing with a raw recruit.

The record reflects that prior to the time applicant first responded with a "Yes," rather than a "Yes, Sir," to a question that Judge McSpadden had asked him, he had responded 17 times with a "Yes, sir," or a "No, sir." After being admonished by Judge McSpadden, "Everytime you say 'yes,' I want a 'sir' behind it," applicant then responded with a "Yes, Sir," or a "No, Sir," 11 times to questions asked of him by Judge McSpadden. However, applicant eventually slipped when Judge McSpadden asked him the following simple question, "Are you working now?", by answering same, "Yes, part-time." He was again admonished by Judge McSpadden: "I swear to God—how long does it take you to listen? Everytime a 'yes' comes out of your mouth, you better say 'Yes, Sir.'" Applicant was then warned by Judge McSpadden: "The next 'Yes' that comes out of your mouth without a 'sir' behind it, you are going to get 30 days." Like many a raw recruit has done before, when similarly admonished by a drill instructor, applicant eventually goofed again when he responded to a simple question that Judge McSpadden asked him, by replying with a simple "Yes." Judge McSpadden then summarily sentenced the applicant to serve 30 days' in the Harris County jail, not for contempt of court, but as a condition of his probation.

I have carefully read the transcription of the proceedings and am unable to conclude that the above reflects that the applicant showed or indicated any disrespect, sarcasm, or the like towards Judge McSpadden.

The record is thus clear that the 30 days' jail time condition of probation that Judge McSpadden imposed upon the applicant was imposed as a form of punishment for which Judge McSpadden viewed as contumacious behavior on the part of applicant, and not as punishment for the commission of the offense for which applicant was accorded probation.

Because I believe that even one who is accused of being in contempt of court is entitled to receive the rudiments of due process of law, which applicant has not yet received, I would hold that because the applicant has yet to receive those rudiments of due process of law, he is entitled to relief.

In summary, because the above action of Judge McSpadden, in ordering applicant confined for 30 "straight" days in the Harris County Jail as a condition of his probation, constitutes either an abuse of judicial discretion or an unconstitutional deprivation of applicant's rights to due process of law, I would grant the applicant relief.

Because the majority refuses to grant applicant relief, I respectfully dissent.