**William Joseph GRODIS, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–95–234–CR.**

Court of Appeals of Texas, Fort Worth.

April 25, 1996.

Rehearing Overruled May 30, 1996.

Gene De Bullet, Jr., Fort Worth, for Appellant.

Tim Curry, Criminal District Attorney; Betty Marshall and Charles M. Mallin, Assistant Chiefs of the Appellate Section; Susan C. Hargis, Jay Lapham, and Sylvia Mandel, Assistant Criminal District Attorneys, Fort Worth, for Appellee.

Before DAY, RICHARDS and HOLMAN, JJ.

## OPINION

HOLMAN, Justice.

Appellant William Joseph Grodis pled guilty to aggravated assault with a deadly weapon, pursuant to a plea bargain agreement. Grodis and the State considered several different conditions for probation while negotiating the terms of his plea bargained sentence. They both agree that they expressly discarded some probation conditions before agreeing on five years of deferred adjudication probation with other conditions. The trial court followed the State's recommendation for five years of deferred adjudication, but imposed one of the previously discarded probation conditions on Grodis after receiving his acceptance of the condition. The question before this court is whether a trial court can impose conditions of probation which had previously been expressly declined by a defendant. Finding that the trial court followed the recommended sentence without any meaningful departure from the plea bargained agreement and with Grodis' full acceptance, we affirm.

Grodis threatened his wife with a knife on November 24, 1993. Grodis and the State negotiated a plea bargain agreement for five years of deferred adjudication probation. As conditions of that probation, they agreed that Grodis would totally abstain from the use of

alcoholic beverages, would not possess weapons of any kind, and would submit to random urinalysis and breathalyzer tests. During their negotiations, the State proposed that Grodis also submit to a "TAIP" alcohol and drug assessment, and anger control counseling, but these conditions were refused, and were stricken from the written plea agreement.

At Grodis' guilty plea hearing, Grodis' wife (the complainant) testified that he had completed two batterer's intervention programs. However, the trial court examined the evidence and discovered that Grodis apparently completed the programs *before* the incident for which he was charged, and stated "the program must not have done much good if he committed this act after going through the program." As a result, the trial court specifically required that Grodis undergo the previously rejected counseling as a condition of the five years of deferred adjudication probation.

In his first point of error, Grodis argues that the trial court erred in refusing to follow the State's recommendation in accordance with a plea bargain agreement, and by not rejecting the agreement in total. Grodis cites us to *Washington v. McSpadden*, 676 S.W.2d 420 (Tex.Crim.App.1984) for the proposition that a trial court must either accept a plea agreement in total or reject it. In his concurrence, Judge Miller does argue that "Art. 26.13 should be interpreted to mean that terms and conditions of probation, as well as the granting of probation itself, may be plea bargained for as surely as any other aspect of punishment." *Id.* at 424 (Miller, J., concurring). Judge Clinton's concurring/dissent, and Judge Teague's dissent, seem also to support the argument that in a plea bargain agreement, otherwise acceptable conditions may not be imposed by the court in opposition to the agreement. *Id.* at 425 (Clinton, J., dissenting and concurring), 426–27 (Teague, J., dissenting). The majority opinion, on the other hand, clearly held that a thirty-day jail sentence *not* bargained for could be imposed "as a condition" which

was "clearly a discretionary act" "within the judge's power" under the then existing article 42.12 of the Texas Code of Criminal Procedure. *Id.* at 422. Thus the majority recognized that the trial court had discretion to add conditions to the sentence agreed to in the plea bargain, in contrast to the arguments of Judges Miller, Clinton and Teague.

Grodis cites *Perkins v. Court of Appeals for the Third Supreme Judicial District of Texas* as support for his argument that "the court has a nondiscretionary duty to specifically enforce the plea agreement as it was made by the parties." 738 S.W.2d 276 (Tex. Crim.App.1987) (mandamus case brought by the trial court). The State concedes that the trial court added probation conditions to those negotiated by the State and Grodis, and cites *Fielder v. State* to support the proposition that this court should grant Grodis' request to reform the judgment to that which was bargained for. 834 S.W.2d 509 (Tex.App.—Fort Worth 1992, pet. ref'd). We decline to follow the mutual request of Grodis and the State.

In *Perkins*, the actions of the trial court would have forced the defendant to stand trial for murder after he had plea bargained for a twenty-five year maximum sentence. *Perkins*, 738 S.W.2d at 278–80. In *Fielder*, this court found that the defendant's plea was involuntary because the defendant and the State were in agreement that no jail time was expected, yet the trial court imposed 180 days incarceration. *Fielder*, 834 S.W.2d at 510–14. We find that this case is distinguishable because the trial court's actions do not place Grodis at risk of receiving any incarceration in excess of the terms of his plea bargain.[1]

Here the trial court added a condition of counseling and assessment to the sentence of five years deferred adjudication probation. While we might question the efficacy of such conditions in light of the apparent failure of the batterer's program to modify Grodis' past behavior, such conditions would certainly "have a reasonable relationship to the treatment of the accused and the protection

---

1. Moreover, in both *Perkins* and *Fielder,* the defendant or their counsel immediately brought their objections to the trial court's attention.

This factor is clearly missing in this case, as we note in point of error two below. *Perkins*, 738 S.W.2d at 280; *Fielder*, 834 S.W.2d at 510–14.

of the public." *Tamez v. State*, 534 S.W.2d 686, 691 (Tex.Crim.App.1976) (citing *Porth v. Templar*, 453 F.2d 330 (10th Cir.1971)). Counseling and assessment definitely appear to fall within the "continuum of programs and sanctions, with conditions imposed by the court" which are provided for in the definition of "Community supervision" for deferred adjudication probation. TEX.CODE CRIM.PROC.ANN. art. 42.12, § 2(2) (Vernon Supp.1996). Consequently, we find that the trial court did follow the State's recommendation for five years deferred adjudication, and that the conditions added did not constitute any meaningful departure from the plea bargained agreement. Point of error one is overruled.

■ In his second point of error, Grodis contends that the trial court did not follow the plea agreement and erred by not allowing the defendant to withdraw his plea of guilty. Grodis cites us to article 26.13(a)(2) of the Texas Code of Criminal Procedure to support his argument that "[i]f the agreement is not accepted then the defendant shall be permitted to withdraw his plea." The pertinent portion of the article reads "Should the court reject any such agreement, the defendant *shall be permitted* to withdraw his plea of guilty or nolo contendere." TEX.CODE CRIM.PROC.ANN. art. 26.13(a)(2) (Vernon 1989) (emphasis added).

As we have already noted, the trial court did accept the plea bargained agreement, but added discretionary conditions to the terms of the agreement. Even if we were to agree for the sake of argument that the trial court did not accept the agreement, there is no evidence in the record that supports Grodis' contention that he was in any way restrained from withdrawing his plea.

At trial, the following exchanges took place:

THE COURT: And it's my understanding that you're asking the Court to approve of the plea bargain agreement that your attorney has negotiated with the State, and in exchange for your plea of guilty the Court would defer adjudication of your guilt today, place you on probation for a period of five years, *in accordance with any conditions that the Court may assess as conditions of probation....*

. . . .

THE COURT: And you understand if the Court goes along with this plea bargain agreement, *as I mentioned to you, there can be other conditions of probation that the Court may determine to direct your life for the next five years?*

[GRODIS]: Yes, sir.

. . . .

THE COURT: ... The Court will defer adjudication of guilt, place the Defendant on probation for five years, in accordance with his plea bargain agreement.

And in addition thereto, considering that this offense is alleged to have occurred after he completed the 20–week program at Women's Haven, *I'm going to order that there be a T–A–I–P evaluation and assessment.* And whatever comes out of that as a recommendation for counseling and/or treatment, that he comply with that.

*I also would like to order as a condition that he have an evaluation as to whether or not anger control counseling would be beneficial.* And if there's a recommendation that it would be beneficial, then he will also complete that program.

*You understand what's happened here now, sir?*

[GRODIS]: *Yes, sir.*

THE COURT: *You understand the Court's added some things in addition to what you had written on your plea bargain agreement and you'll have to comply with those?*

[GRODIS]: *Yes, sir.* [Emphasis added.]

The trial court first warned Grodis that it could add conditions to the plea bargained agreement and then twice confirmed that Grodis understood that the complained of conditions had been added. At no time during the hearing did Grodis or his attorney state any opposition to the conditions being added.

■ Article 26.13(a)(2) "permits" a defendant to withdraw his plea when a plea bargained agreement is not accepted. Thus a defendant is given a choice between accept-

ing any changes a judge makes in the sentence, or withdrawing his plea and taking his chances with a trial. The only way this court could grant the specific reformation of the agreement urged by Grodis and the State, would be to interpret the "shall be permitted" language of 26.13(a)(2) as "will be required." Such a ruling by this court would destroy a judge's sentencing discretion as well as the defendant's right to choose between the modified sentence and the vagaries of a trial.

We hold that Grodis fully accepted the conditions of probation imposed by the trial court, and made no effort to withdraw his plea during the guilty plea hearing. Point of error two is overruled.

The judgment of the trial court is affirmed.