ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

May 6, 2009

The Honorable Rodney W. Anderson
Brazos County Attorney
300 East 26th Street, Suite 325
Bryan, Texas 77803

Opinion No. GA-0713

Re: Authority of a justice of the peace in a
proceeding under section 25.094, Education Code
(RQ-0762-GA)

Dear Mr. Anderson:

You ask whether a justice of the peace may

> [o]n a plea of guilty or nolo contendere or on a finding of guilt on the
> charge of failure to attend school under [section 25.094, Education
> Code,] . . . defer further proceedings, place the individual on
> probation, and enter an order requiring the individual to wear an
> electronic monitoring device as a reasonable condition of deferral
> under [article 45.051(b)(10), Code Criminal Procedure].[1]

Section 25.094, one of the provisions at issue in your request, is contained in subchapter C, chapter 25, Education Code, which in part governs school attendance. *See* TEX. EDUC. CODE ANN. §§ 25.081–.0952 (Vernon 2006 & Supp. 2008). Section 25.094 defines the offense of "failure to attend school." *Id.* § 25.094(a), (e) (Vernon 2006) (classifying the offense as a Class C misdemeanor). Subchapter C requires a school district to file a complaint against an individual who fails to attend school and authorizes the district to file the complaint in a justice court. *See id.* § 25.0951(a)(1) (Vernon Supp. 2008). Upon specified findings, the justice court is authorized by section 25.094 to "enter an order that includes one or more of the requirements listed in Article 45.054, Code of Criminal Procedure." *Id.* § 25.094(c) (Vernon 2006). However, subchapter C further provides that "[i]n a proceeding based on a complaint under Section . . . 25.094, the [justice] court shall, *except as otherwise provided by this chapter*, use the procedures and exercise the powers authorized by Chapter 45, Code of Criminal Procedure." *Id.* § 25.0952 (emphasis added). Chapter 45, Code of Criminal Procedure, governs proceedings in justice courts. TEX. CODE CRIM. PROC. ANN. art. 45.002 (Vernon 2006).

---

[1]Request Letter at 1 (*available at* http://www.texasattorneygeneral.gov).

Before we consider your question about the scope of a justice court's authority under Code of Criminal Procedure article 45.051, an article contained within chapter 45, we must first examine the threshold question of whether a justice court may exercise the authority granted under that article in a proceeding under Education Code section 25.094. By its plain language, section 25.0952 expressly authorizes a justice court to exercise all powers granted to a justice court in chapter 45 unless otherwise provided in chapter 25. *See* TEX. EDUC. CODE ANN. § 25.0952 (Vernon 2006). It could be argued that because subsection 25.094(c) provides that a court "may enter an order that includes one or more of the requirements listed in Article 45.054" it should operate as a constraint on the justice court's powers as contemplated under section 25.0952, thus limiting the requirements that the court may include in its order to those listed in article 45.054. *Id.* § 25.094(c); *see* TEX. CODE CRIM. PROC. ANN. art. 45.054 (Vernon Supp. 2008) (providing that a justice court in a failure to attend school proceeding under section 25.094 has jurisdiction to enter an order that includes one or more punitive requirements). That argument, however, is unpersuasive because section 25.094's reference to article 45.054 does not clearly and exclusively limit the powers of a justice court to those found in article 45.054. As we see no clear legal basis to conclude that the Legislature intended section 25.094's mere reference to article 45.054 to *provide otherwise*, we conclude that subsection 25.094(c) does not limit a justice court solely to entering an order including one or more requirements listed in article 45.054. *See, c.f., United States v. Providence Journal Co.*, 485 U.S. 693, 705 n.9 (1988) ("A statute that begins with '[e]xcept as otherwise provided by law' creates a general rule that applies unless contradicted in some other provision."). Thus, absent further restrictions in chapter 25, the Legislature's broad language in section 25.0952 would permit a justice court to exercise the power in article 45.051 in a proceeding under section 25.094. Accordingly, we turn to your question.

Article 45.051 is a general provision that authorizes a justice court to defer proceedings against a defendant, place the defendant on probation, and require the defendant to comply with one or more of the specified conditions of probation. *See* TEX. CODE CRIM. PROC. ANN. art. 45.051(a)–(b) (Vernon Supp. 2008). Article 45.051 does not list an electronic monitoring device as a possible condition or requirement of deferred disposition and probation. *See id.* art. 45.051(b); *cf. id.* art. 42.12 § 11(a)(17) (authorizing submission to electronic monitoring as a condition of community supervision). However, article 45.051(b)(10) authorizes a justice court to require that a defendant comply with "any other reasonable condition" in connection with the deferment of proceedings and placement of defendants on probation in misdemeanor cases punishable by fine only. *Id.* art. 45.051(a), (b)(10). Your question, then, is resolved by a determination of whether, in a proceeding under section 25.094, a requirement that a defendant wear an electronic monitoring device could be considered a reasonable condition of deferment or probation. *See* Request Letter at 3–6.

Probation conditions are reasonable if the conditions have a "reasonable relationship to the treatment of the accused and the protection of the public." *Tamez v. State*, 534 S.W.2d 686, 691 (Tex. Crim. App. 1976). A probation condition is invalid if: "(1) it has no relationship to the crime; (2) it relates to conduct that is not in itself criminal; and (3) it forbids or requires conduct that is not reasonably related to the future criminality of the defendant or does not serve the statutory ends of probation." *Lacy v. State*, 875 S.W.2d 3, 5 (Tex. App.—Tyler 1994, writ ref'd); *see cf., Grodis v.*

*State*, 921 S.W.2d 502, 504–05 (Tex. App.—Fort Worth, 1996, pet. ref'd) (considering reasonableness of probation conditions imposed in deferred adjudication under article 42.12 using the test from *Tamez*). A determination of whether a condition of probation is reasonable must be made on a case-by-case basis and is inappropriate to the attorney general opinion process. *See* Tex. Att'y Gen. Op. Nos. DM-437 (1997) at 1, 3; JM-898 (1988) at 5. We therefore conclude that a justice court may use an electronic monitoring device as a condition of deferment and probation for an individual found to have committed an offense under section 25.094, Education Code, if the use of the device in a given proceeding is reasonable, a determination made by the justice court in the first instance.

## S U M M A R Y

A justice court may use an electronic monitoring device as a condition of deferment of final disposition or probation for an individual found to have committed an offense under section 25.094, Education Code, if the justice court determines that the use of the device in a given proceeding is reasonable.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee