**Affirm, Opinion Filed January 31, 2013.**



### In The
## Court of Appeals
## Fifth District of Texas at Dallas

---

**No. 05-11-01200-CR**
**No. 05-11-01201-CR**
**No. 05-11-01210-CR**

---

## RONNIE MONTGOMERY, Appellant
### V.
## THE STATE OF TEXAS, Appellee

---

**On Appeal from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause Nos. F09-20531-H, F09-20347-H, and F11-21157-H**

---

### MEMORANDUM OPINION
Before Justices Moseley, Francis and Lang
Opinion by Justice Francis

Ronnie Montgomery appeals his conviction for assault-family violence and the revocation of his probation for interfering with an emergency telephone call and an earlier assault-family violence. He contends the trial court abused its discretion by failing to place him on probation on the new assault charge and by revoking his probation in the other cases. We affirm.

In February 2009, appellant pleaded guilty to assaulting his girlfriend, a third-degree felony, and the trial court accepted his plea and placed him on deferred adjudication for four years. One of his conditions of probation required that he complete a domestic violence

treatment program. Six months later, the State filed a motion to adjudicate guilt. While the motion was pending, appellant committed a new offense, interfering with the ability of his girlfriend to make an emergency telephone call, a state jail felony. In April 2010, appellant pleaded true to the allegations in the motion to adjudicate guilt and pleaded guilty to the charge of interfering with an emergency telephone call. In both cases, the trial court placed appellant on regular probation for four years. The trial court again ordered appellant to complete a Batterer's Intervention Program and to have no contact with the victim.

While on probation, appellant was charged again with assaulting his girlfriend. The State filed motions to revoke his probation. At the hearing in August 2011, appellant entered open pleas of true to the allegations in the motions to revoke and pleaded guilty to the new assault charge. Appellant admitted that for the first two years of his probation, he had not attempted to comply with his conditions. However, he said he spent twenty-five days in jail the previous December and, since that time, had been doing "everything he was supposed to do." He testified that he moved from Denton to Dallas in May to alleviate transportation problems that had affected his ability to comply with his probation and had found a job. He urged the trial court to continue him on probation. The trial court asked him if he had completed the Batterer's Intervention Program, and appellant said he had not started the program because he was arrested in late June.

At the conclusion of the evidence, the trial judge noted that appellant had been ordered to complete the Batterer's Intervention Program in February 2009 and given "plenty of opportunity" to comply. The trial judge further stated that had appellant completed the program as ordered, the new offense may not have occurred. He sentenced appellant to three years in

prison on each assault charge and one year in state jail on the interference charge and ordered the sentences to run concurrently.

In his first issue, appellant contends the trial court abused its discretion in revoking probation in the first assault conviction (appeal no. 05-11-01201-CR) because the motion to revoke is not in the clerk's record and cannot be found. After briefs were filed in this case, the Dallas County District Clerk filed a supplemental record containing the motion to revoke. We therefore conclude this issue is moot.

In his second issue, appellant contends the trial court abused its discretion in revoking his probation in the assault and interfering with an emergency telephone call cases. Within this issue, appellant does not challenge the findings that he violated his probation. Rather, he argues that because he had been doing better in the last six months, the trial court should have given him "another chance to comply with the terms and conditions of his probation."

We review a trial court's decision to revoke probation for an abuse of discretion. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981). When the finding of at least one violation of probation is supported by the evidence and procedural problems are not raised, the discretion of the trial court to revoke probation is substantially absolute. *Flournoy v. State*, 589 S.W.2d 705, 708 (Tex. Crim. App. [Panel Op.] 1979).

Here, appellant pleaded true to the allegations contained in both motions to revoke probation, judicially confessed to the allegations, pleaded guilty to a new assault charge, and admitted he had contact with the victim in violation of his probation. Ample evidence supports the trial court's decision to revoke appellant's probation, and appellant has not raised any procedural problems. We therefore will not disturb the trial court's decision to revoke appellant's probation rather than continue, modify, or extend it. We overrule the second issue.

In his third issue, appellant contends the trial court abused its discretion by denying him probation in the second assault charge, appeal no. 05-11-01210-CR. He relies on the same facts as he did in the previous issue.

A defendant has an absolute and unwaiveable right to be sentenced within the proper range of punishment established by the legislature. *Speth v. State*, 6 S.W.3d 530, 532-33 (Tex. Crim. App. 1999). The granting of community supervision is a privilege, not a right. *Id.* In a non-jury trial, the decision whether to grant probation is for the trial court, in its sole discretion, to decide. *Burns v. State*, 561 S.W.2d 516 (Tex. Crim. App. [Panel Op.] 1978).

Here, appellant was sentenced within the range of punishment set out in the corresponding provisions of the Texas Penal Code. *See* TEX. PENAL CODE ANN. §§ 12.34 (range of punishment for third-degree felony is imprisonment for two to ten years and up to a $10,000 fine); 12.35 (range of punishment for state jail felony is 180 days to two years in state jail and up to a $10,000 fine). Appellant's third issue is without merit.

We affirm the trial court's judgments.

/s/_____
MOLLY FRANCIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
111200F.U05

4



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

Ronnie Montgomery, Appellant

No. 05-11-01200-CR     V.

The State of Texas, Appellee

On Appeal from the Criminal District Court
No. 1, Dallas County, Texas
Trial Court Cause No. F09-20531-H.
Opinion delivered by Justice Francis,
Justices Moseley and Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 31st day of January, 2013.

/s/
MOLLY FRANCIS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

Ronnie Montgomery, Appellant

No. 05-11-01201-CR     V.

The State of Texas, Appellee

On Appeal from the Criminal District Court
No. 1, Dallas County, Texas
Trial Court Cause No. F09-20347-H.
Opinion delivered by Justice Francis,
Justices Moseley and Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 31st day of January, 2013.

/s/
MOLLY FRANCIS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

Ronnie Montgomery, Appellant

No. 05-11-01210-CR    V.

The State of Texas, Appellee

On Appeal from the Criminal District Court
No. 1, Dallas County, Texas
Trial Court Cause No. F11-21157-H.
Opinion delivered by Justice Francis,
Justices Moseley and Lang participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 31st day of January, 2013.



/s/ _____
MOLLY FRANCIS
JUSTICE