

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-12-00208-CR

_____

MARCY LENA MEJIA, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 336th District Court
Fannin County, Texas
Trial Court No. CR-12-24230

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

Marcy Lena Mejia was charged with four separate felony offenses and entered a plea of guilty as a part of a plea agreement. Under that plea agreement, she was sentenced to two years' confinement in this case for possession of more than one gram but less than four grams of a controlled substance[1] but was placed on community supervision for five years. In each of the four cases, the trial court signed a certification of right of appeal, in each of which the boxes indicating that the plea was the result of a plea agreement under which the defendant had no right of appeal and further noting that Mejia had waived her right of appeal. The state of the record in the case would, therefore, lead us to believe that we would have no jurisdiction in this case or the other cases simultaneously appealed. TEX. R. APP. P. 25.2.

This Court made contact with Mejia's counsel, pointing out this apparent impediment to our jurisdiction and directing counsel to demonstrate that we do, indeed, have jurisdiction over the appeal. In response, although counsel acknowledged the existence of the plea agreement and the other documents in the file that would appear to deny our jurisdiction over the appeal, he maintained that the trial court had failed to abide by the terms of the plea agreement. Therefore, he posits, although the record would suggest that a plea agreement had denied a right to appeal, the failure of the trial court to follow the recommendations of the State had the effect of changing the plea from one involving a plea agreement into an open plea (from which an appeal would be possible). The situation counsel describes is one that is not addressed by the certification forms that were employed. However, Texas Rule of Appellate Procedure 25.2(a)(2)

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (West 2010).

expressly limits a defendant's right to appeal from a plea agreement that was followed by the trial court. TEX. R. APP. P. 25.2(a)(2); *see Jackson v.* State, 168 S.W.3d 239, 242 (Tex. App.—Fort Worth 2005, no pet.). The initial, jurisdictional question before us, then, is whether the terms of the plea agreement entered into by Mejia and the State were followed by the trial court. If the trial court followed the terms, we must honor the certification and dismiss the appeal for want of jurisdiction. If the terms of the plea agreement were not followed by the trial court, then there is no agreement that would preclude Mejia from prosecuting her appeal. In such a situation as Mejia describes, we would abate to the trial court so it could prepare and file a corrected certification that is supported by the record. TEX. R. APP. P. 44.4, 25.2(g); *see Harris v. State*, 137 S.W.3d 829 (Tex. App.—Waco 2004, order), *disp. on merits*, 160 S.W.3d 621 (Tex. App.—Waco 2005, no pet.).

Mejia points out that one of the conditions of community supervision[2] entered by the trial court requires Mejia to complete a treatment program in the Substance Abuse Felony Punishment Facility (SAFPF), a condition to which she did not agree. She argues that because she did not agree to the SAFPF treatment program, the punishment exceeds the recommendation of the State to which she agreed. The relevant question is whether one of the terms of community supervision constitutes "punishment," and, if it does, whether the addition of a term of community supervision (such as requiring completion of a treatment program) alters the plea agreement sufficiently as to be a divergence from the original agreement to enter a plea of guilty.

---

[2]In this opinion, we sometimes use the formerly proper and still commonly used term "probation" interchangeably with the term "community supervision."

Some of the cases discussing this issue have focused their attention on the statutory language making probation conditions discretionary with the trial court,[3] examining whether adding conditions thereto constituted a meaningful departure from the plea agreement. However, the Texas Court of Criminal Appeals has held that, although community supervision is part of the judgment, it is not part of the "sentence" as defined by the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art 42.02 (West 2006) ("sentence is that part of the judgment . . . that orders that the punishment be carried into execution in the manner prescribed by law"). Community supervision is "not a sentence or even a part of a sentence." *Gutierrez v. State*, 380 S.W.3d 167, 174 (Tex. Crim. App. 2012). It is defined as a contractual privilege, with the conditions being the terms of the contract. A person being placed on community supervision may object to certain terms being imposed at the time of trial. *Speth v. State*, 6 S.W.3d 530, 534 (Tex. Crim. App. 1999). However, as pointed out by the court in *Gutierrez*, a defendant ordinarily has no say in the trial court's decision regarding appropriate conditions of community supervision, and the defendant must either take them or leave them if he wants to avoid incarceration. *Gutierrez*, 380 S.W.3d at 179; *cf. Johnson v. State*, 286 S.W.3d 346, 349–50 (Tex. Crim. App. 2009) (additional jail time improperly added as condition of community supervision after victim allocution statement). In this case, the condition does not involve the imposition of additional punishment, was announced at the time the guilty plea was accepted by the trial court, and was accepted by Mejia without objection at trial.

---

[3]*See Grodis v. State*, 921 S.W.2d 502 (Tex. App.—Fort Worth 1996, pet. ref'd).

In each case, the sentence was in accord with the plea agreement. That being the case, the trial court's determination as stated in its certification of Mejia's right of appeal (i.e., that this was a plea agreement and that she had no right of appeal) is fully supported by the record. Accordingly, we lack jurisdiction over the substance of the appeal.

The trial court also checked a separate box stating that Mejia had waived her right of appeal. The clerk's record contains an omnibus waiver which was signed by Mejia, her attorney, the district attorney, and the trial judge; that waiver includes the waiver of her right to appeal (as one of the twenty separate rights she waives in the document).

A valid pretrial waiver of the right of appeal is proper when the State has given adequate consideration for the waiver. *Ex parte Broadway*, 301 S.W.3d 694, 697–98 (Tex. Crim. App. 2009).

For a pretrial or presentencing waiver of right of appeal to be binding, the waiver must be voluntary, knowing, and intelligent and an agreement on punishment. The waiver meets those requirements when the punishment has been determined by a plea agreement when the waiver was made. *Ex parte Delaney*, 207 S.W.3d 794, 799 (Tex. Crim. App. 2006); *see Washington v. State*, 363 S.W.3d 589, 590 (Tex. Crim. App. 2012) (per curiam). The record shows that to be the situation in this case. Accordingly, on its face, the portion of the certification of right of appeal that indicates that she has waived her right of appeal finds support in the record.

For both of these reasons, we conclude that we do not have jurisdiction over this appeal.

We dismiss the appeal for want of jurisdiction.

Bailey C. Moseley
Justice

Date Submitted:     May 16, 2013
Date Decided:       May 17, 2013

Do Not Publish